## 76583. RICHARDSON v. THE STATE.
### (375 SE2d 59)

McMURRAY, Presiding Judge.

Defendant appeals his conviction for armed robbery. *Held*:

Defendant contends that his trial counsel, who is different from his appellate counsel, rendered ineffective assistance of counsel. At the hearing on defendant's motion for new trial which raised this issue, defendant testified that he notified trial counsel of two alibi witnesses; and that he requested trial counsel to talk to these individuals and to obtain their testimony at trial. The two alibi witnesses who were never contacted by trial counsel, testified on the motion for new trial that they were with defendant at the time of the armed robbery. Defendant's trial counsel did not testify at the hearing on the motion for new trial.

Additionally, defendant's trial counsel made no objection to the introduction into evidence of a State's exhibit, a green toboggan mask seized from defendant's home. The perpetrator of the armed robbery had been described as wearing such a mask. The seizure took place

after the victim of the armed robbery identified defendant from a photograph. Thereupon, officers were dispatched to defendant's home, where after receiving no response to their knock, they entered without the authority of a search warrant, a consent or an arrest warrant for defendant. Within defendant's house an officer found the toboggan mask, and seized it. While the entry was ostensibly for the purpose of effecting an arrest of defendant, the absence of a warrant, consent or any issue of hot pursuit rendered the entry, search, and seizure of the mask illegal. *Payton v. New York*, 445 U. S. 573 (100 SC 1371, 63 LE2d 639). Evidence obtained through an illegal search and seizure is not admissible. *Amiss v. State*, 135 Ga. App. 784 (219 SE2d 28).

" 'The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland v. Washington*, [466 U. S. 668] (104 SC 2052, 80 LE2d 674) (1984). In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) 'that counsel's performance was deficient,' i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this 'deficient performance prejudiced the defense,' i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Id. at ___ 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Ibid.

"The complaining defendant must make both showings. His failure 'to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim.' *King v. Strickland*, 748 F.2d 1462, 1463 (11th Cir. 1984). A reviewing court need not 'address both components if the defendant makes an insufficient showing on one,' *Strickland v. Washington*, supra at ___, nor must the components be addressed in any particular order. Ibid." *Ford v. State*, 255 Ga. 81, 85 (8) (335 SE2d 567).

Applying the criteria set forth above to the facts and circumstances of the case sub judice we are compelled to conclude that the performance of defendant's trial counsel was deficient. Also, since the evidence against defendant was not overwhelming, resting largely upon the identification testimony of one witness, the victim, a reasonable probability exists that the presence of defendant's alibi witness would have affected the result. Therefore, we conclude that the deficient performance of defendant's trial counsel prejudiced the defense. The trial court erred in denying defendant's motion for new trial.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 22, 1988 —
REHEARING DENIED OCTOBER 14, 1988.

*Reinhardt & Whitley, John R. Reinhardt*, for appellant.
*David E. Perry, District Attorney, Diane L. Perry, Assistant District Attorney*, for appellee.