A92A1003. WARD v. THE STATE.
(426 SE2d 164)

COOPER, Judge.

Appellant was found guilty by a jury of manufacturing marijuana in violation of the Georgia Controlled Substances Act and sentenced to ten years to be served on probation and a fine of $3,000. On appeal from the denial of his motion for new trial, his sole enumeration of error is that the trial court erred in not granting his motion for directed verdict of acquittal.

The evidence adduced at trial reveals that two officers with a local drug task force received a complaint from a concerned citizen that marijuana was growing along the side of the road. The officers investigated and discovered that some plants which looked similar to mari-

juana plants were growing close to a residence. The officers went to the front door of the residence and spoke to appellant, who rented the property. Appellant informed them that the plants in question were a form of hibiscus, and upon taking a closer look at the plants, the officers could see that the plant was not marijuana. Appellant walked with the officers as they went to their cars, and on the way, they passed a large greenhouse on the property. The officers saw plants inside the greenhouse which they felt positive were marijuana. Appellant insisted that the plants were a different form of hibiscus plant but refused to sell the officers one of the plants, thus further arousing the officers' suspicions. One of the officers also noticed a peculiar odor emanating from the plants which he recognized as being marijuana. The officers then asked appellant if they could search the greenhouse but appellant refused. One of the officers left and returned with a search warrant which he and three other officers executed. The officers found approximately 150 marijuana plants both in and around the greenhouse and a bag containing dried marijuana leaves. Appellant was arrested and charged with manufacturing marijuana. Appellant's wife was subsequently arrested and charged with manufacturing marijuana and pled guilty to the charges prior to appellant's trial. Appellant's wife testified at trial that the marijuana found on the property was hers exclusively and that appellant did not plant the marijuana or help grow it. Appellant testified that he built and used the greenhouse and knew his wife had been growing marijuana in the greenhouse for several months.

"A directed verdict in a criminal case is warranted only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of not guilty, that is, where an acquittal is the only legal finding possible. [Cits.]" *Randolph v. State*, 198 Ga. App. 291 (1) (401 SE2d 310) (1991). Appellant argues that his "mere presence" at the scene where the marijuana was found is insufficient to support his conviction. However, the evidence showed that appellant's participation and knowledge amounted to something more than a "mere presence" at the scene of the crime and supported the State's theory that appellant and his wife were both willing participants in the crime of manufacturing marijuana. See *McDade v. State*, 175 Ga. App. 204 (1) (332 SE2d 672) (1985). Viewing the evidence in the light most favorable to the jury's verdict, we find the evidence and all reasonable deductions sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err in denying appellant's motion for directed verdict of acquittal.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 13, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992.

Vinson, Osborne, Talley, Richardson & Cable, W. Thomas Cable, Jr., for appellant.
William A. Foster III, District Attorney, Donald N. Wilson, Assistant District Attorney, for appellee.