## A92A2262. BELL v. THE STATE.
(430 SE2d 777)

McMURRAY, Presiding Judge.

Defendant Bell was charged in two indictments with selling and distributing cocaine in violation of the Georgia Controlled Substances Act. Following his conviction by a jury, defendant appeals from the denial of his motion for new trial. *Held:*

1. The charges against defendant resulted from an ongoing undercover drug investigation conducted by the Georgia Bureau of Investigation and the Albany-Dougherty County Drug Unit. Agent Carlotta Harris of the GBI testified that on January 8, 1991, she, Agent Calhoun and a confidential informant parked at a location where they believed drugs were being sold. Defendant and Waylon Phillips drove to the location, and Phillips, who was in the passenger seat, asked Agent Harris if she wanted to purchase drugs. Agent Harris had purchased drugs from Phillips on three previous occasions and told him that she wanted to purchase $200 worth of cocaine. The informant then went over and sat in the car with Phillips and defendant. Phillips gave the informant 14 pieces of crack cocaine. The informant gave the cocaine to Agent Harris in exchange for $200 which the informant gave to Phillips.

Agent Harris also testified that on January 26, 1991, the same confidential informant took her and Agent Calhoun to another location where drugs were allegedly being sold. Defendant drove by the location, this time with Efram Barber in the passenger seat. Agent Harris had also previously purchased drugs from Barber and told Barber that she wanted a $200 piece. Barber went inside an apartment, and when he came out, he told Agent Harris that they would

have to go to another location. Agent Harris rode in the car with defendant and Barber, while the confidential informant and Agent Calhoun followed them in another car. When they arrived at their destination, Barber went into an apartment and returned to defendant's car with 16 pieces of crack cocaine which he gave to Agent Harris in exchange for $300. Agent Harris testified that both the January 8 and January 26 drug sales took place in defendant's immediate sight and presence.

Defendant testified that he met Agent Harris while he was with Efram Barber; that Agent Harris told him that her name was "Peaches"; that he was romantically interested in "Peaches," who led him to believe that she wanted to go to Atlanta with him to have a good time; that "Peaches" never asked him for any drugs; that he never sold her any drugs; and that he never saw anyone give her any drugs.

The evidence shows that defendant's participation and knowledge amounted to something more than "a mere presence" at the scene of the crimes and demonstrated that defendant was an accomplice in the sale and distribution of cocaine. Viewing the evidence in the light most favorable to the jury's verdict, we find the evidence is sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ward v. State*, 206 Ga. App. 670, 671 (426 SE2d 164).

2. Defendant first contends that the trial court erred in not granting a continuance when one of his witnesses failed to appear. Defendant's trial counsel testified at the hearing on defendant's motion for new trial that prior to trial she subpoenaed Ted Holsey because it was her understanding that the witness was present during both drug transactions defendant was charged with and would testify that defendant was only present during the drug transactions because of his romantic interest in Agent Harris. Defendant's trial counsel further stated that she moved for a continuance when the witness was not present at trial but did not inform the court of the nature of the witness' testimony or when the witness would be available. Since appellant's counsel failed to make a proper showing under OCGA § 17-8-25, we cannot conclude that the trial court erred in denying the motion.

3. Defendant argues that the trial court erred in not requiring the State to disclose the identity of the confidential informant. Since the informant was a participant in the drug sale, his testimony was material to the issue of defendant's guilt or innocence. See *Moore v. State*, 187 Ga. App. 387 (2) (370 SE2d 511) (1988). It was subsequently disclosed that the informant was Ted Holsey; however, since appellant's counsel failed to file a motion to disclose the identity of the inform-

ant, we find no error in the trial court's ruling. See *Roberson v. State*, 195 Ga. App. 379 (1) (393 SE2d 516) (1990).

4. Defendant also argues that the trial court erred in not charging on entrapment. The record reflects that prior to trial, in a handwritten note to the court, defendant wrote: "This is a case of entrapment." Defendant's trial counsel stated that she was aware of this note but believed that a charge on entrapment was not warranted and that she did not pursue the entrapment defense because defendant insisted at all times that he had not committed the offenses with which he was charged. Under the general rule such a denial of the offense would preclude an entrapment defense, but the defendant also cites the decision in *Gregoroff v. State*, 248 Ga. 667, 671 (285 SE2d 537), which states that where the State, rather than defendant, injects evidence of entrapment into the case and defendant offers no evidence of entrapment which contradicts his primary defense that he did not commit the crime charged he may request a charge on entrapment without admitting commission of the crime. Nonetheless, in the case sub judice there is no evidence authorizing a jury charge on entrapment. The State's evidence which defendant must view as suggesting entrapment is no more than a request to purchase contraband. However, it is well established that entrapment means something more than a mere request to purchase. *Raftis v. State,* 175 Ga. App. 893, 896 (4) (334 SE2d 857).

5. In his final enumeration of error, appellant contends that the trial court erred in denying his motion for new trial on the ground of ineffective assistance of counsel. As noted in Divisions 1 and 2, defendant's trial counsel, who is different from his appellate counsel, failed to make the proper showing for a continuance under OCGA § 17-8-25 and failed to file a motion for disclosure of the confidential informant. Defendant's trial counsel conceded at the motion for new trial hearing that these failures were due to "clumsiness" and the fact that she was very busy preparing several other cases for trial.

" ' "The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* (466 U. S. 668) (104 SC 2052, 80 LE2d 674) (1984). In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) "that counsel's performance was deficient," i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this "deficient performance prejudiced the defense," i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [Cit.] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ' " *Richardson v. State*, 189 Ga. App. 113, 114 (375 SE2d

59) (1988).

In order to sustain a conclusion that defendant received ineffective assistance of counsel it must be established that the failure to obtain Holsey's identity and presence at trial may have affected the result of that proceeding. However, Holsey's presence was obtained at the motion for new trial hearing and his testimony adds nothing to the record which is of benefit to defendant. Indeed, Holsey's testimony is remarkably similar to the description of the events as given in the testimony of Agent Harris. While defendant contends that the absence of Holsey was prejudicial because his testimony would have corroborated defendant's testimony concerning his romantic interest in Agent Harris, we fail to discern the value of corroborative testimony on a totally uncontroverted issue. The State did not contradict defendant's assertions that he was attracted to the undercover agent and desired a romantic relationship with her. No harm to defendant could have resulted from the absence of Holsey's testimony at trial.

The determination of an ineffectiveness claim is a two-prong test. Whether or not trial counsel's performance was deficient, the record fails to support defendant's contention that any deficient performance by his trial counsel prejudiced the defense. Consequently, we find no error in the denial of defendant's motion for new trial and affirm defendant's conviction.

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Beasley, P. J., Andrews and Johnson, JJ., concur. Cooper and Blackburn, JJ., dissent.*

COOPER, Judge, dissenting.

I dissent because I cannot conclude as the majority does that the deficiencies in appellant's trial counsel's performance had no effect upon the verdict. Of particular significance is the failure of appellant's counsel to secure the identity and presence of Ted Holsey at trial. Based on Holsey's testimony at the hearing on appellant's motion for new trial, he would have corroborated appellant's testimony that he was only present during the drug transactions because of a romantic interest in Agent Harris. Thus, Holsey's testimony is not merely cumulative, but rather it is corroborative, and I believe that there is at least a reasonable probability that had the jury had the benefit of that testimony the outcome of the trial would have been different. See *Richardson v. State*, 189 Ga. App. 113 (375 SE2d 59) (1988). Consequently, I would reverse the trial court's denial of appellant's motion for new trial.

I am authorized to state that Judge Blackburn joins in this dissent.

DECIDED MARCH 19, 1993 —
RECONSIDERATION DENIED APRIL 1, 1993 

*James N. Finkelstein*, for appellant.
*Britt R. Priddy, District Attorney*, for appellee.