### S93A1151, S93X1159. ZANT v. PITTS; and vice versa.
(436 SE2d 4)

FLETCHER, Justice.

Pitts was convicted of murder and other crimes and sentenced to death. His conviction and death sentence were affirmed on direct appeal in *Pitts v. State*, 259 Ga. 745 (386 SE2d 351) (1989). Pitts thereafter filed a petition for habeas corpus raising a number of issues, including ineffectiveness of counsel. The habeas court found that trial counsel were generally effective, but that they were ineffective for failing to introduce evidence that Pitts might be mentally retarded, even though recently enacted OCGA § 17-7-131 provided that a guilty-but-mentally-retarded defendant could not be sentenced to death. The habeas court issued a "limited Writ of Habeas Corpus" to allow Pitts to present the issue of mental retardation to a jury, following the procedure set out in *Fleming v. Zant*, 259 Ga. 687 (386 SE2d 339) (1989).

The habeas court found as a fact that at the time of trial, Pitts' attorneys "had at their disposal" the results of mental examinations conducted by two "qualified experts from Central State Hospital" which showed that Pitts had an IQ of 70 and was "mildly mentally retarded." The court found further that trial counsel failed to present this evidence because they erroneously believed they could take advantage of OCGA § 17-7-131 only with a defendant whose IQ was below 55. See *Stripling v. State*, 261 Ga. 1, 4 (3) (401 SE2d 500) (1991).

Given these facts, which are not clearly erroneous, we agree with the habeas court's legal conclusion that trial counsel were ineffective[1] for failing to pursue a possible verdict of guilty but mentally retarded. See *Bowley v. State*, 261 Ga. 278 (4) (404 SE2d 97) (1991).

Although the *Fleming* procedure is by the terms of the *Fleming* opinion available to defendants tried before the effective date of OCGA § 17-7-131, that does not mean, as the state argues, that it is unavailable to defendants tried after the effective date of that Code section, where the defendant alleges his trial counsel were ineffective

---

[1] The habeas court properly applied the standard set forth in *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984), and found that counsels' action fell below an objective standard of reasonableness and that there was a reasonable probability that Pitts suffered prejudice as a result of counsels' action.

for failing to present evidence of mental retardation.

If, after a full evidentiary hearing on the issue of retardation, a jury finds Pitts to be mentally retarded, his death sentence will be vacated and he will be sentenced to life imprisonment. *Fleming v. Zant*, supra at 691. If, on the other hand, a jury finds he is *not* mentally retarded, the conviction and death sentence may then stand.

We find no error in the habeas court's factual or legal conclusions, or the remedy fashioned by the court.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 25, 1993 —
RECONSIDERATION DENIED NOVEMBER 19, 1993.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellant.

*Brian Mendelsohn, Mayer, Brown & Platt, Mitchell D. Raup,* for appellee.