A01A1483. GONZALES v. THE STATE.
(556 SE2d 183)

BLACKBURN, Chief Judge.

Following a jury trial, Harby Gonzales appeals his conviction for possession of more than one ounce of marijuana, contending that the trial court erred by: (1) denying his motion for directed verdict of acquittal and (2) rereading certain portions of the testimony given by one of the investigating officers to the jury after they had begun deliberations. For the reasons set forth below, we affirm.

1. Gonzales contends that the trial court erred by denying his motion for a directed verdict of acquittal at the close of evidence. We disagree.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Gonzales] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not

---

weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the [standard] of *Jackson v. Virginia*,[1] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that [Gonzales] was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

*Lowery v. State.*[2]

Viewing the evidence in this light, the record shows that the Texas Department of Public Safety notified Gwinnett County investigators that it had intercepted two boxes containing marijuana that had been shipped to an address in Norcross, Georgia. A third package had not been intercepted and was still en route to the Norcross address. Gwinnett investigators intercepted this third package, obtained a search warrant for it, and discovered that it contained over 20 pounds of marijuana.

On January 22, 1997, a controlled delivery of the package was then made to the home of Carlos Rodriguez. After being arrested, Rodriguez explained that he had been receiving packages for Yolanda Karina and Rodolfo Posadas in return for compensation. Rodriguez then phoned Posadas to let him know that the package had arrived. Later, Gonzales and Diego Mejia drove to Rodriguez's home to pick up the package for Posadas. Gonzales drove his sister's car, and Mejia was his passenger. At Rodriguez's home, both Gonzales and Mejia entered the premises, Mejia paid Rodriguez $300 for accepting the package, and Mejia carried the package out to Gonzales' car. At that time, Gonzales opened the trunk of the car to allow Mejia to put the package there.

Shortly thereafter, Gonzales was stopped for a traffic offense, and he was cited for driving with a suspended license. His car was then searched, and the package was retrieved from the trunk. Gonzales does not challenge the legality of the stop or the ensuing search. After being arrested, Gonzales admitted that, although he did not know the exact contents of the package, he deduced that it contained some type of illegal contraband.

This evidence was sufficient to support the verdict. The jury was authorized to infer from the facts before it that Gonzales knew that

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Lowery v. State*, 242 Ga. App. 375-376 (530 SE2d 22) (2000).

he was transporting a box full of contraband. And Gonzales' arguments regarding constructive possession do not alter this outcome. "[Gonzales'] presence, companionship and conduct before and after the discovery of the marijuana in the trunk of the car showed more than his mere presence at the scene of the crime and authorized the trier of fact to find beyond a reasonable doubt that he had at least constructive possession of the marijuana." *Smith v. State*.[3] Based on Gonzales' own admission, the jury was authorized to find that he was knowingly involved in a scheme to transport illegal drugs for sale and distribution.

2. Gonzales contends that the trial court erred by rereading certain inculpatory portions of the testimony of one of the investigating officers to the jury after deliberations had begun. Again, we disagree.

The record shows that, after deliberations had begun, the jury conveyed a written request to the trial court in which it asked that portions of the testimony of two investigators be repeated. Specifically, the jury asked to hear: (1) testimony from Officer Perez that, at the time of the traffic stop, Gonzales told him that he did not know what was in the package discovered in his car and (2) testimony from Officer Prieto that Gonzales told him that, to the contrary, he had a "pretty good idea that [the contents of the package in the trunk of his car were] illegal." At trial Gonzales argued that rereading the inculpatory testimony of Officer Prieto, without also reading his cross-examination, placed undue emphasis on it, thereby prejudicing the jury.

In cases such as this, where questions are propounded after deliberations have begun, "the jury should be permitted to limit what they rehear to what they desire to rehear, absent special circumstances which might work an injustice. . . . No special circumstances appear here requiring the cross examination to be [repeated]." *Byrd v. State*.[4]

To the contrary, prior to rereading testimony, the court admonished the jury not to emphasize it any more than the testimony previously heard at trial, reminding them not to forget any evidence produced during cross-examination. In addition, the trial court made it clear to the jury that, if they wished, they could rehear other parts of the testimony, including cross-examination. Furthermore, the trial court repeated both the inculpatory testimony of Officer Prieto and the exculpatory testimony of Officer Perez. We find no error in this circumstance.

On appeal Gonzales complains for the first time that, in repeating this testimony, the trial court made improper remarks in its

---

[3] *Smith v. State*, 184 Ga. App. 304, 306 (2) (361 SE2d 215) (1987).
[4] *Byrd v. State*, 237 Ga. 781, 783 (1) (229 SE2d 631) (1976).

effort to pinpoint the material the jury wished to hear again. As no objection regarding these remarks was made below, and the trial court was not asked to rule thereon, there is nothing for this court to review. Also, by his failure to object at trial, Gonzales waived his right to argue this contention on appeal. *Gann v. State.*[5]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 2, 2001 —
RECONSIDERATION DENIED NOVEMBER 16, 2001.

*Timothy T. Herring,* for appellant.
*Daniel J. Porter, District Attorney, Jeanette J. Fitzpatrick, Assistant District Attorney,* for appellee.

