A02A0588. HAZELRIGS v. THE STATE.
(567 SE2d 79)

BLACKBURN, Chief Judge.

Following a jury trial, Charles Hazelrigs was convicted of five counts of aggravated assault and two counts of cruelty to children in the second degree. Hazelrigs appeals from the denial of his motion for new trial on the basis of ineffective assistance of counsel, asserting that: (1) defense counsel did not have a theory of defense as evidenced by the opening statement and closing argument; (2) defense counsel did not cross-examine two of the State's witnesses as to the events to which they testified; (3) a potential favorable witness for the defense was not called to testify; and (4) neither the defendant's testimony nor any witnesses for the defense were presented. We affirm.

Viewing the evidence in the light most favorable to the verdict shows that Hazelrigs's girlfriend, Debra Huston, telephoned her relatives to ask them to pick up her children from her residence because she believed Hazelrigs was on the way to harm them. When Hazelrigs confronted his girlfriend's brother, sister-in-law, and father at Huston's home, he retrieved a shotgun from inside and

[6] *Styles v. Mobil Oil Corp.*, 218 Ga. App. 48 (1) (459 SE2d 578) (1995).

attempted to shoot the family members. Thereafter, in the yard of the home, Hazelrigs struck the relatives with a rake and a two-by-two board. The girlfriend's children were present in the residence at the time of the altercation. Hazelrigs did not testify at trial, and no witnesses were presented by the defense.

The standard by which effectiveness of counsel is measured is the test set out in *Strickland v. Washington*.[1] Hazelrigs must show "both that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Bolick v. State*.[2] "In addition, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy." Id.

> Whether an attorney's trial tactics are reasonable "is a question of law," not fact. The test for reasonable attorney performance has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . (W)e are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Holland v. State*.[3]

1. Hazelrigs's claim that his defense counsel did not set out a theory of defense in his arguments and was, therefore, ineffective, is without merit. Although the defense counsel's opening statement might be considered unconventional, he did indicate to the jurors they should listen to the evidence that would be presented and do what they thought was right. The trial transcript shows that defense counsel's closing argument did contain a number of defense theories including: (1) the State had not met the burden of proof beyond a reasonable doubt; (2) there were issues of inconsistency and credibility in the testimony of the State's witnesses; (3) there were deficiencies in the manner the sheriff and the district attorney handled the evidence in the case; and (4) the subject events constituted a domestic argument in which the defendant was the primary victim. Therefore, we find no merit to this claim of ineffectiveness of counsel. Moreover, argument of counsel is not evidence to be considered by the jury. Thus, Hazelrigs cannot show that there is a reasonable probability

---

[1] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[2] *Bolick v. State*, 244 Ga. App. 567, 569 (1) (536 SE2d 242) (2000).
[3] *Holland v. State*, 250 Ga. App. 24, 25-26 (550 SE2d 433) (2001).

that the outcome of the trial would have been different if counsel had argued differently to the jury. *Moody v. State.*[4]

2. Hazelrigs asserts that defense counsel provided ineffective assistance because he limited his cross-examination of two of the State's witnesses. Huston's brother and sister-in-law testified on direct examination that the defendant pointed a rifle at both of them and her father and pulled the trigger, but the rifle failed to fire. Thereafter, Hazelrigs grabbed a rake and struck the brother and sister-in-law. Later he attacked them with a two-by-two board. Although defense counsel did not conduct an extensive cross-examination of these witnesses as to the facts surrounding these events, defense counsel did ask questions seeking to discredit these witnesses. He elicited a prior conviction for child molestation in the cross-examination of the brother. He questioned the sister-in-law concerning her hesitation in removing the children immediately from the girlfriend's house, attempting to cast doubt on the danger defendant posed to the children. Furthermore, defense counsel testified that he felt that "[the witnesses] had made up their minds, and cross-examining them was not going to do us any good. They were not going to be flexible. All we could do was try to discredit them." Also, defense counsel did cross-examine the other eyewitness to the events and officers called to the scene.

> Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that [appellant] and his present counsel disagree with the decisions made by trial counsel does not require a finding that [Hazelrigs's] original representation was inadequate.

(Punctuation omitted.) *Evans v. State.*[5] We find no error by the trial court.

Hazelrigs also challenges counsel's failure to call his girlfriend's son as a witness. The son informed defense counsel prior to trial that his statement to the police was a lie. He stated that he had not seen Hazelrigs with the rifle and that his uncle started the altercation with Hazelrigs. Defense counsel testified at the motion hearing that the child's expected testimony, although likely to be more favorable to Hazelrigs, would still expose material potentially harmful to the defense, that is, that he had unloaded the rifle when he knew that

---

[4] *Moody v. State*, 206 Ga. App. 387, 389 (1) (c) (425 SE2d 397) (1992).
[5] *Evans v. State*, 207 Ga. App. 358, 360 (2) (427 SE2d 837) (1993).

Hazelrigs was coming to the house. Based on that information and the fact that the witness had changed his testimony before, defense counsel chose not to use the witness's testimony and preserve the final closing argument. Deciding on which defense witnesses to call is a matter of trial strategy and tactics which do not constitute ineffective assistance of counsel. *Williams v. State.*[6] Also, declining to present evidence so as to preserve the final word in closing argument is a well-recognized trial tactic. Id. Therefore, we reject Hazelrigs's argument that he was denied effective assistance.

For the same reasons, the decision not to call any other witnesses or have the defendant testify does not constitute ineffectiveness of counsel. There is evidence that defense counsel informed the defendant and his family during a trial recess that he would not put Hazelrigs on the stand and explained his reasoning. Additionally, counsel stated reasonable tactical reasons for this decision including: (1) he was concerned the defendant could not maintain his composure on the stand and, therefore, the defendant's prior record might be exposed and (2) the cross-examination of the witnesses had raised doubts as to the strength of the State's case. Strategic decisions regarding what witnesses to call after consultation with the client do not amount to ineffective assistance. *Peterson v. State.*[7]

3. Hazelrigs's final contention appears to be an argument that the evidence presented at trial was insufficient to convict. However, in light of the error alleged, we interpret counsel's argument to be that defense counsel should have asked for a directed verdict as to the alleged failures in the evidence. To be successful here, the appellant must show that the evidence was insufficient to support the conviction under *Jackson v. Virginia.*[8] This argument is without merit.

"The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the (standard) of *Jackson v. Virginia*, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that [Hazelrigs] was guilty of the charged offense." (Footnote omitted.) *Gonzales v. State.*[9] Accordingly, we must view the evidence in the light most favorable to support the verdict, and Hazelrigs no longer enjoys the presumption of innocence. *Strickland*, supra at 687.

Hazelrigs alleges that one of the required elements of the crime of cruelty to children was not proven because there was no evidence that the children were present and could see or hear what occurred

---

[6] *Williams v. State*, 253 Ga. App. 453, 455 (1) (a) (559 SE2d 512) (2002).
[7] *Peterson v. State*, 253 Ga. App. 390, 394 (5) (b) (559 SE2d 126) (2002).
[8] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[9] *Gonzales v. State*, 252 Ga. App. 476, 477 (1) (556 SE2d 183) (2001).

between their uncle and Hazelrigs.[10] There was testimony from the sister-in-law which indicated that the children were in a position to see and hear what occurred between Hazelrigs and the victims. Hazelrigs also argues that no evidence was presented to support the charge that he committed aggravated assault on the sister-in-law by means of striking her with a rake. Testimony was presented that the sister-in-law was indeed struck with a rake. This evidence was sufficient to support the trial court's decision to deny the directed verdict, and, therefore, Hazelrigs fails to show that the outcome of the trial would be different but for defense counsel's failure to act. Therefore, we cannot say that the defendant received ineffective assistance.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 13, 2002.

*Fanning & Hudson, Steven E. Fanning*, for appellant.

*Peter J. Skandalakis, District Attorney, Charles P. Boring, Assistant District Attorney*, for appellee.

---

[10] OCGA § 16-5-70 (c) provides that "Any person commits the offense of cruelty to children in the second degree when: . . . (2) Such person, who is the primary aggressor, having knowledge that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery."