A04A1859. FENNELL v. THE STATE.
(611 SE2d 96)

MIKELL, Judge.

In this out-of-time appeal, Johnny Fennell appeals from his sale of a controlled substance conviction, raising 16 enumerations of error. For the reasons set forth below, we affirm.

The record shows that the police arrested Fennell after an undercover agent purchased $20 worth of crack cocaine from him. The buy took place when the undercover agent went to a motel and parked her car near a room where Fennell was standing outside. When Fennell approached the agent after she exited her car, the

---

agent asked Fennell if he knew where she could "get a 20," meaning $20 worth of crack cocaine. Fennell asked the agent who she was and she told him, "T. J." When Fennell "just stood there," the agent asked him again where she could get a 20. Fennell, apparently misunderstanding her previous response, asked her if she knew T. J., and the agent played along, asking, "Where is he?" Fennell told her that T. J. was not there and asked to get into her car. The agent refused this request and asked again about the 20. Fennell stated that he had some and gave her crack cocaine in exchange for $20. When Fennell asked to get in the car and smoke the crack with her, the agent declined and left the scene. Other agents listened to the conversation between Fennell and the undercover agent through a body bug worn by the undercover agent and sent a takedown team to arrest Fennell as the undercover agent left.

Before his trial, Fennell, who was represented by counsel, filed a handwritten, pro se "Motion for Prima Facie Case of Entrapment." In this motion, Fennell claimed that he was entrapped because the undercover agent repeatedly denied that she was a police officer and persuaded him to commit the crime. At the beginning of the trial, the state informed the court that it would seek to introduce the motion as an admission against interest. The trial court informed the state that it did not need the document to prove its case and asked for defense counsel's input. Defense counsel did not formally object, but instead characterized the document as an "entreaty for a plea bargain." The trial court noted that it had previously struck the pro se pleading, and ruled that the state could not introduce it into evidence.

1. Fennell asserts he is entitled to a new trial because the prosecutor made improper comments in closing argument. The record shows that when defense counsel objected to the improper comments, the prosecutor agreed to "move on" after the trial court ruled that he was "going a little bit afar." Defense counsel did not renew the objection or ask for a mistrial or curative instruction after the trial court sustained his objection. As a result, any issue concerning the propriety of the prosecutor's comments has been waived. If the trial court's curative action in sustaining the objection was insufficient, defense counsel should have sought additional relief. See *Wells v. State*, 243 Ga. App. 629, 631 (3) (534 SE2d 106) (2000) (complaint about improper closing argument waived by failure to renew motion for mistrial after trial court sustained the objection and gave a curative instruction). "It is well settled that sustained objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike, or denied request for curative instructions." (Punctuation and footnote omitted.) *Kyler v. State*, 270 Ga. 81, 82 (2) (508 SE2d 152) (1998).

2. Fennell asserts the prosecutor had an actual conflict of interest because he previously represented him as defense counsel in an unrelated case. However, Fennell fails to point to an error of the trial court with regard to this alleged conflict and fails to demonstrate any prejudice as a result of this alleged conflict. As a result, we find no merit in this enumeration. "Appellate courts exist to review asserted error but where the defendant makes no objection or obtains no ruling of the trial court, the contended problem cannot be made the basis of appellate review as there is no ruling to review." (Citation omitted.) *Sanders v. State*, 179 Ga. App. 168, 169 (2) (345 SE2d 677) (1986).

3. Fennell claims the trial court erred by denying his motion for an appeal bond. However, there is no transcript of the hearing on this motion. "In the absence of a transcript of an appeal bond motion hearing, the ruling of the trial court denying bond must be presumed to be correct." (Citation omitted.) *Casillas v. State*, 229 Ga. App. 805, 806 (494 SE2d 760) (1997). As there is no transcript in this case, we presume the trial court ruled correctly and find no merit in this enumeration of error.

4. Fennell contends the trial court erred by denying his request for a charge on entrapment. The record shows that the trial court denied the request because: (1) there was no evidence warranting a charge on entrapment and (2) the defendant did not admit that he had sold the cocaine.

Relying on *Gregoroff v. State*, 248 Ga. 667 (285 SE2d 537) (1982), Fennell argues the trial court should have applied the following exception to the general rule that a defendant must admit the crime in order to rely on an entrapment defense:

> when the State's case shows evidence of entrapment and the defendant offers no evidence of entrapment inconsistent with his defense that he did not commit the crime, the defendant is not required to admit the commission of the crime in order to be entitled to a charge on entrapment.

Id. at 672. We find no merit in Fennell's argument that this exception applied because the state did not present evidence of entrapment. "The State's evidence which defendant must view as suggesting entrapment is no more than a request to purchase contraband. However, it is well established that entrapment means something more than a mere request to purchase." (Citation omitted.) *Bell v. State*, 208 Ga. App. 337, 339 (4) (430 SE2d 777) (1993). Furthermore, it is not improper to employ artifice and stratagem to catch those engaged in criminal enterprises, and furnishing an opportunity to commit an offense if the individual is predisposed to undertake such commission does not constitute entrapment. *Hinton v. State*, 236 Ga.

App. 140, 142 (511 SE2d 547) (1999). The trial court did not err by denying Fennell's request for a charge on entrapment.

5. Fennell argues the trial court erred by failing to appoint new counsel for him after he filed several bar complaints against his counsel before his trial. However, he fails to point to any motion requesting new counsel on this ground or any denial of such a request by the trial court. As a result, there is nothing for us to review. See *Sanders*, supra.

6. In his remaining enumerations of error, Fennell claims he received ineffective assistance of counsel.

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficiency.

(Punctuation and footnote omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). We will not disturb a trial court's finding that a defendant has not been denied effective assistance of trial counsel unless it is clearly erroneous. *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

> Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

*Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

(a) Fennell argues that his counsel was ineffective because he failed to present his entrapment defense. According to Fennell, his counsel should not have objected to the state's attempt to introduce the pro se entrapment motion into evidence and did not inform him that he should testify in order to properly present the defense. In the motion for new trial hearing, Fennell claimed he would have testified at trial that the undercover agent enticed him into selling the drugs, that he did not really want to do it, and that she denied several times that she was a police officer.

We find no merit in this enumeration because neither the motion nor Fennell's proffered testimony would have established a valid

entrapment defense. See *Bell*, supra (entrapment means something more than a mere request to purchase). As a result, Fennell cannot show a reasonable probability that the outcome of his trial would have been different if this defense had been presented.

(b) Fennell claims his lawyer was ineffective for failing to object and request a curative instruction after a state's witness allegedly introduced evidence of another crime with which he had not been charged during direct examination. The relevant testimony follows:

> Q: Okay. Did it have any video monitor or tape recording equipment, anything like that, on it?
> A: No. However, we had made a previous sale prior to —
> Q: No, let's stop right here.
> THE COURT: Don't talk about that.
> THE WITNESS: Okay.

In the motion for new trial hearing, trial counsel explained that he did not view this testimony as implicating Fennell; instead, the witness was explaining that this was not her first transaction of the evening in her capacity as an undercover agent. Trial counsel also pointed out that the witness was instructed to stay away from that topic by the prosecutor. We agree with trial counsel's assessment and find no ineffectiveness on his part, particularly since the prosecutor cut off the witness's response and the trial court also instructed the witness not to talk about her other operations.

(c) Fennell argues his counsel should have impeached the undercover agent with her alleged testimony in the preliminary hearing that she approached Fennell when she got out of her car (at trial she testified that Fennell approached her). As there is no transcript of the preliminary hearing in the record, the only evidence of this alleged inconsistency is Fennell's testimony in the motion for new trial hearing. However, trial counsel testified that the undercover agent's testimony did not vary between the preliminary hearing and trial. When considering claims of ineffectiveness of counsel, the trial court determines witness credibility and is not required to accept the defendant's version of events. *Brower v. State*, 230 Ga. App. 125, 126 (2) (495 SE2d 600) (1998); *Randolph v. State*, 225 Ga. App. 324-325 (484 SE2d 1) (1997). As a trial court's denial of an ineffectiveness claim based on conflicting evidence is not clearly erroneous, we find no merit in this enumeration. See *Noble v. State*, 220 Ga. App. 155, 157 (1) (469 SE2d 307) (1996).

(d) Fennell claims his counsel should have moved for a mistrial after the trial court allowed the undercover agent to remain in the courtroom, over objection, once the rule of sequestration had been invoked. We find no merit in this claim based on the long-standing

exception to the rule of sequestration for the police officer who is the nominal prosecutor. See *Williams v. State*, 233 Ga. App. 70, 72 (3) (503 SE2d 324) (1998). The trial court stated that the witness was allowed to remain in the courtroom because she was the chief investigating officer. "Failure to pursue a meritless motion cannot be evidence of ineffective assistance." (Citation omitted.) *Banks v. State*, 244 Ga. App. 191, 192 (1) (c) (535 SE2d 22) (2000).

(e) Fennell asserts that his counsel was ineffective for failing to discover the prosecutor's conflict of interest. In the motion for new trial hearing, Fennell's trial counsel testified that Fennell never told him that the prosecutor had previously represented him and Fennell acknowledged that he did not know of any confidential information that the prosecutor obtained during his previous representation that was used against him in this case. The prosecutor testified that he represented hundreds of clients over the years and had no recollection of representing Fennell until it was brought to his attention by appellate counsel. He further testified that he did not use any confidential information against Fennell and could not have done so as he did not recall representing Fennell. Under these circumstances, we find that Fennell has not shown a reasonable possibility that the outcome of his trial would have been different had his counsel discovered that the prosecutor had previously represented Fennell. Cf. *Arnold v. State*, 253 Ga. App. 387, 389 (3) (559 SE2d 131) (2002) (entire district attorney's office not disqualified based on conflict of individual district attorney).

(f) Fennell asserts his lawyer was ineffective based on comments made during closing argument. Fennell's trial counsel argued that either his client was a "moron" for making a sale without earning a profit or that he was selling in hopes of obtaining sexual favors from the undercover agent. At any rate, counsel explained his strategy in making the comments in the motion for new trial hearing. We find no merit in this enumeration as trial strategy and tactics do not amount to ineffective assistance of counsel. *Hazelrigs v. State*, 255 Ga. App. 784, 786 (2) (567 SE2d 79) (2002). Additionally, as "argument of counsel is not evidence to be considered by the jury[, defendant] cannot show there is a reasonable probability that the outcome of the trial would have been different if counsel had argued differently to the jury." (Citation and footnote omitted.) Id. at 785-786 (1).

(g) Fennell claims that his counsel was ineffective for failing to request a mistrial based on improper comments made by the prosecutor in closing argument. In the motion for new trial hearing, Fennell's trial counsel testified that he did not move for a mistrial as a matter of trial strategy because the trial court had already told the prosecutor "that he was going too far afield" and he did not think it was in his client's best interest to ask for a mistrial. As stated earlier,

"[t]rial strategy and tactics do not equate with ineffective assistance of counsel." (Punctuation and footnote omitted.) *Caylor v. State*, 255 Ga. App. 362, 364 (1) (566 SE2d 33) (2002). "Moreover, any error in failing to object to the prosecutor's comment was harmless because the overwhelming evidence supporting the verdict renders it highly unlikely that [any improper] portion of the argument contributed to the verdict." (Footnote omitted.) Id.

(h) Fennell claims he was prejudiced by his counsel's failure to honor his request for a speedy trial demand. Trial counsel, however, testified that appellant made no such request. As the evidence was conflicting and a demand for speedy trial is a strategic determination, we find no merit in this enumeration. See *Randolph*, supra at 325; *Noble*, supra.

(i) Fennell claims his counsel was ineffective because he failed to provide him with copies of the state's discovery responses at least ten days before trial. Fennell's trial counsel testified, however, that Fennell did receive a copy directly from the clerk's office more than ten days before trial and that Fennell refused to accept discovery responses directly from him. As the trial court was not obligated to accept Fennell's version of events, we find no merit in this enumeration. See *Brower*, supra.

(j) Fennell claims his counsel was ineffective for failing to cross-examine the police officers about an alleged promise to let the judge know if Fennell cooperated with them. In the motion for new trial hearing, Fennell acknowledged that he never told his attorney about this alleged promise and that he cannot identify the officer who made it. Nevertheless, he claims that this information would have mitigated his sentence if his counsel had investigated it and brought it to the attention of the trial court.

We find no merit in this enumeration. "Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information." *Jividen v. State*, 256 Ga. App. 642, 646 (1) (c) (569 SE2d 589) (2002). Fennell "cannot now complain of counsel's alleged deficiencies that were caused by his own failure to communicate and fully cooperate with counsel." (Footnote omitted.) *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000).

(k) In his final claim of ineffectiveness, Fennell claims his attorney should have subpoenaed a police officer in order to impeach the undercover agent on an alleged discrepancy in her testimony. Specifically, Fennell claimed in the motion for new trial hearing that the undercover agent testified in the preliminary hearing that Officer Dewberry overheard her conversation with Fennell; at trial, the

undercover agent testified during cross-examination that both Dewberry and another police officer listened to her conversation. According to Fennell, his trial counsel should have subpoenaed Dewberry "to determine if he had in fact listened in on the conversation." In the motion for new trial hearing, Fennell's counsel testified that the state-provided discovery showed that both agents listened to the conversation. We find no merit in this enumeration because Fennell failed to present evidence of what Officer Dewberry would have testified to had he been subpoenaed at trial.

> [T]he failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because appellant failed, at the hearing on his motion for new trial, to make any proffer of the uncalled witnesses' testimony, it is "impossible for appellant to show there is a reasonable probability the results of the proceedings would have been different. It cannot possibly be said that the additional witnesses would have testified favorably to appellant."

(Citations and punctuation omitted.) *Ponder v. State*, 201 Ga. App. 388, 389 (1) (411 SE2d 119) (1991).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 25, 2005.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.