## A08A2388. GRESHAM v. THE STATE.
### (671 SE2d 917)

JOHNSON, Presiding Judge.

A jury found Gregory Gresham guilty of trafficking in cocaine, possessing more than one ounce of marijuana, possessing a firearm during the commission of a felony, and obstructing an officer. In his sole claim of error, Gresham argues that he received ineffective assistance of counsel at trial. We disagree and affirm.

Viewed most favorably to the jury's verdict,[1] the evidence shows that on February 24, 2006, a Henry County police officer stopped a vehicle driven by Stacey Forsyth for speeding and a seat belt violation. Gresham, who was seated in the front passenger seat, was the only other vehicle occupant. During the traffic stop, the officer noticed a strong odor of burning marijuana coming from the car, and Forsyth consented to a vehicle search. Gresham fled the scene at that point, eluding police.

The officer searched Forsyth's car and found marijuana in her purse. He also located a loaded gun, marijuana, cocaine, a pot commonly used for "cooking" cocaine, a digital scale, a marijuana smoking device, and materials used to package drugs in a bag on the car's back floorboard. While speaking with police, Forsyth admitted that she had smoked marijuana and crack cocaine the previous night.

The state tried Gresham and Forsyth together, and the jury found them guilty of multiple offenses. Gresham subsequently moved for a new trial, arguing that his trial counsel was ineffective.

---

[1] See *Hazelrigs v. State,* 255 Ga. App. 784 (567 SE2d 79) (2002).

The trial court denied Gresham's motion following a hearing. We find no error.

To support his ineffective assistance claim, Gresham must demonstrate that counsel's performance was deficient and that, but for counsel's errors, there is a reasonable likelihood that the outcome of the trial would have been different.[2] He also must overcome the strong presumption that trial counsel's actions fell within the broad range of reasonable professional conduct.[3] We will affirm the trial court's determination that Gresham received effective representation absent clear error.[4]

1. Gresham first argues that trial counsel should have moved to sever the trial. He claims that if he and Forsyth had been tried separately, counsel could have demonstrated Forsyth's "propensity to possess illegal drugs" by introducing evidence that, at the time of trial, she faced additional, unrelated charges for marijuana possession.

At the hearing on Gresham's motion for new trial, however, trial counsel testified that he wanted Forsyth in the case so that he could "blame the drugs on her." Counsel explained that he decided as a matter of strategy not to seek a severance: "[W]e were playing the blame game and I thought that it was in Mr. Gresham's best interest under these factual scenarios to have [Forsyth] there and to have more focus on her than Mr. Gresham."

Trial counsel considered the severance issue and decided — as a matter of strategy — not to move to sever. Moreover, although Forsyth did not testify at trial, evidence of her prior drug use was admitted through another witness. Under these circumstances, we agree with the trial court that counsel's strategic decision did not constitute deficient performance.[5]

2. Gresham also complains about trial counsel's conduct with respect to his decision not to testify at trial. Specifically, Gresham argues that because his attorney did not prepare him to testify, counsel was unable to make an "intelligent determination" as to whether his testimony would have been helpful in explaining why he fled the scene.

At the new trial hearing, counsel admitted that he did not prepare Gresham to testify. But counsel explained that he and Gresham had decided, after discussing the issue, that Gresham would not take the witness stand. According to counsel: "The

---

[2] *Gordon v. State*, 252 Ga. App. 133 (555 SE2d 793) (2001).

[3] Id.

[4] Id.

[5] *Graves v. State*, 272 Ga. App. 178, 180 (2) (612 SE2d 37) (2005).

decision was ultimately left up to [Gresham]. . . . I told him it was my opinion based on how the trial was going that I didn't think that he should testify and the best I can remember is that he agreed with that." Gresham also testified that he concurred with counsel's recommendation.

"Strategic decisions regarding what witnesses to call after consultation with the client do not amount to ineffective assistance."[6] The evidence shows that counsel discussed the possibility of testifying with Gresham and recommended, based on his view of the trial proceedings, that Gresham not testify. Gresham has not shown that counsel was unaware of any facts when he made this recommendation or misunderstood the circumstances surrounding Gresham's flight. In fact, counsel argued to the jury at trial that Gresham fled because he was nervous and scared of being implicated in Forsyth's wrongdoing — the same explanation given by Gresham at the new trial hearing.

Although Gresham's current counsel may have made a different recommendation or prepared Gresham differently, such hindsight cannot support an ineffective assistance claim.[7] The trial court did not err in finding trial counsel's recommendation and conduct reasonable.[8]

3. Finally, Gresham argues that trial counsel should have called character witnesses to testify on his behalf. At the new trial hearing, Gresham proffered testimony from his fiancée and his fiancée's sister, both of whom testified that he had a good reputation in the community. Asserting that such evidence "could only have helped him," Gresham argues that "there can be no strategic reasons for not offering it."

While conceding that good character evidence would not have hurt Gresham, trial counsel testified that he did not think it was important to the case. Generally, "decisions concerning whether to call character witnesses and whether to place the defendant's character in issue are matters of strategy or tactics such as do not equate with ineffective assistance of counsel."[9] Moreover, even if counsel's decision could be considered unreasonable, the trial court found the proffered character testimony of limited probative value, given the witnesses' close personal relationships with Gresham.

We agree. The evidence supported a finding that both women were biased toward Gresham. And given this finding, the trial court

---

[6] (Citation and footnote omitted.) *Hazelrigs*, supra at 787 (2).

[7] Id. at 786 (2).

[8] Id. at 786-787 (2).

[9] (Citation omitted.) *Mitchell v. State*, 223 Ga. App. 319, 320 (5) (477 SE2d 612) (1996).

was authorized to conclude that introduction of the character evidence likely would not have made a difference at trial. Accordingly, Gresham has not shown prejudice, and the trial court properly denied this ineffective assistance allegation.[10]

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 6, 2009.

*Abbott & Cone, David C. Abbott*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.

---

[10] See *Gordon*, supra at 137 (2).