## A96A1672. HUFF v. THE STATE.
### (479 SE2d 476)

RUFFIN, Judge.

Ruther Huff was indicted for aggravated assault and possession of a firearm by a convicted felon. The firearm charge was severed from the assault charge, and in a bifurcated trial the jury found Huff guilty of aggravated assault and not guilty of possession of a firearm by a convicted felon. Huff appeals from the denial of his motion for new trial which was based on his claim of ineffective assistance of trial counsel. We affirm.

At trial, Huff testified that the aggravated assault, which was based on his shooting the victim, was an accident. In an attempt to bolster Huff's credibility, trial counsel and Huff decided to present evidence of Huff's good character. Accordingly, during his direct examination of Huff, trial counsel attempted to establish that Huff's only prior brush with the law concerned an incident where Huff was fined $100 for cutting some trees. During his examination, trial counsel asked Huff whether, aside from the tree cutting incident, he had "ever been charged with any other felony or any other misdemeanor," and Huff answered that he had not. During cross-examination, however, the Assistant District Attorney showed that Huff was previously arrested for making terroristic threats and for carrying a pistol without a license.

Huff, who is represented by new counsel on appeal, contends trial counsel was ineffective in his investigation of character evidence because counsel did not obtain a copy of Huff's arrest record. Huff further contends that if trial counsel knew of his prior arrests, he could have avoided the circumstances which led to the State's impeaching cross-examination. During the new trial hearing, however, trial counsel testified that when he was preparing for trial, Huff told him "he had not ever been arrested prior to the arrest in this particular case." However, in our view, the greater burden was on Huff to inform his counsel of any prior arrest, and most assuredly to be totally honest with counsel. A self-induced error is too close to premeditated error, hence beyond further appellate scrutiny.

Under these circumstances we conclude that Huff was not denied effective assistance of trial counsel. " 'The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may

be considerably diminished or eliminated altogether.' *Strickland v. Washington*, 466 U. S. 668, 691 (III) (A) (104 SC 2052, 80 LE2d 674) (1984)." *Nicholson v. State*, 265 Ga. 711, 714-715 (4) (462 SE2d 144) (1995).

Trial counsel in this case was not required to anticipate that Huff was untruthful about his arrest history or that the State would produce impeaching evidence showing prior arrests. Id. Furthermore, because trial counsel's questions on direct examination were based on information presented by Huff, any resulting prejudice to Huff's character and his accident defense was attributable to Huff and not to the ineffectiveness of his trial counsel. Id. Accordingly, the trial court did not err in denying Huff's motion for new trial.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 19, 1996.

*Jeffrey P. Manciagli*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Benjamin M. First, Assistant District Attorneys*, for appellee.