## A96A2173. RANDOLPH v. THE STATE.
### (484 SE2d 1)

SMITH, Judge.

Keldin Randolph appeals from his conviction on two charges of selling cocaine, OCGA § 16-13-30 (b).[1] The evidence at trial showed that on two different dates in November 1993, Randolph approached an undercover officer in her vehicle and sold her $20 worth of crack cocaine. A camera recorded those transactions on a videotape that was played for the jury. In his sole enumeration of error, Randolph claims his trial attorney provided ineffective assistance of counsel. We affirm.

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. Here, [Randolph] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel." (Citations and punctuation omitted.) *Jones v. State*, 217 Ga. App. 722, 723-724 (2) (458 SE2d 894) (1995).

Randolph claims his attorney failed to prepare adequately for trial and did not subpoena certain witnesses. At the hearing on the ineffective assistance claim, Randolph and his trial counsel gave very different accounts of the pre-trial investigation and preparation process. Determining the credibility of these witnesses was a matter for the trial court's discretion. *Lee v. State*, 205 Ga. App. 139, 140 (421 SE2d 301) (1992). The defense attorney testified he met with Ran-

---

[1] This marks the second appearance of this case before the Court. In *Randolph v. State*, 220 Ga. App. 769 (470 SE2d 300) (1996), we remanded Randolph's case to the trial court to determine whether Randolph was entitled to an out-of-time appeal. On remand, the trial court granted the out-of-time appeal and also heard evidence on Randolph's ineffective assistance claim.

dolph several times and discussed possible witnesses, but Randolph gave him no way to find or contact any witness. Moreover, it appears these witnesses would have testified only that the person on the videotape did not appear to be Randolph. Under these circumstances, the trial court did not err in finding the attorney provided reasonably effective assistance. See *Noble v. State*, 220 Ga. App. 155, 156-157 (1) (469 SE2d 307) (1996) (trial court's findings on disputed evidence not clearly erroneous); *Jones*, supra at 724 (counsel not ineffective for failing to track down witnesses whose whereabouts were unknown).

Randolph argues his attorney should have raised an alibi defense rather than an entrapment defense. The attorney testified his investigation showed no basis for an alibi defense, and he attempted to lay the groundwork for an entrapment defense based on the undercover officer's admission that she went on a "fishing expedition" for drug dealers. As these matters involved trial tactics and strategy left to the discretion of the attorney after consultation with the client, the trial court did not err in rejecting this ineffective assistance claim. *Bevil v. State*, 220 Ga. App. 1, 5 (7) (c) (467 SE2d 586) (1996); see also *Berryhill v. Ricketts*, 242 Ga. 447, 450-451 (3) (249 SE2d 197) (1978) (failure to raise insanity defense not ineffective assistance).

Randolph claims his attorney should have allowed him to testify. The attorney stated he discussed that issue with his client and Randolph made an independent judgment to remain silent. At the ineffective assistance hearing, Randolph admitted he agreed with his attorney that his own testimony would have harmed his defense. This claim is without merit. See *Jackson v. State*, 216 Ga. App. 842, 846 (4) (456 SE2d 229) (1995) (trial court did not err by refusing to second-guess trial counsel's recommendation that defendant not testify).

Randolph's assertions regarding the attorney's waiver of opening statement and his filing of a demand for speedy trial are likewise without merit; these were strategic determinations within the discretion of the attorney. *Tenant v. State*, 218 Ga. App. 620, 622-623 (4) (462 SE2d 783) (1995); *Bevil*, supra. Moreover, considering the videotape evidence and the testimony of the officer, it is unlikely any of these alleged errors altered the outcome of this trial. See *Gross v. State*, 262 Ga. 232, 234 (1) (416 SE2d 284) (1992).

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997 —
RECONSIDERATION DENIED MARCH 10, 1997 — 

*Summer & Summer, Daniel A. Summer*, for appellant.

Keldin Randolph, *pro se.*
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney,* for appellee.