A98A0242. HARPER v. THE STATE.
(501 SE2d 591)

ANDREWS, Chief Judge.

Jeremy Harper appeals from denial of his motion for new trial following his conviction of robbery by force and intimidation, OCGA § 16-8-40, contending that the evidence was insufficient; his trial counsel ineffective; and the court's charge was erroneous.[1] We affirm.

1. Harper contends denial of his motion for new trial on the general grounds was error, thereby raising sufficiency of the evidence. *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988); *Towns v.*

---

[1] Harper was granted an out-of-time appeal.

*State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

"'On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. (Cit.)' [Cit.]" *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995).

So viewing the evidence, it was that Bennett went to a laundromat the afternoon of December 14, 1993. She had her wallet which contained $5 in change, a $20 bill and a $10 bill. An automobile accident occurred across the street from the laundromat at 3:00 p.m. and was being investigated as Bennett took her clothes out of her car and into the laundromat, which she noticed was empty. She placed her wallet on an adjacent washing machine as she was loading her items into a washer.

Harper came up to her and asked about a telephone. She inquired if he had been involved in the wreck, and he said he had not, but a friend had been. As she continued loading her washer, Harper came up to her with his hand in his pocket like he had a weapon and told her to "give it up." She said "excuse me," and Harper repeated the statement. She grabbed her wallet and ran to the other side of the washers. Harper then told her that he was going to count to five and "you know what I'm going to do." She was preparing to run out the front door, which was the only door in the laundromat, when Harper pushed her down on the floor and grabbed her wallet. Bennett then ran outside and yelled at the officers investigating the wreck.

Deputy Williams spoke to Bennett who told him she had been robbed and pointed at Harper, who was walking out of the laundromat. The deputy knew Harper from patrolling the area. Harper was placed in a patrol car, and Deputy Williams went in the laundromat and found Bennett's wallet inside the front door and coins and papers scattered on the floor. A $20 bill was found in Harper's front pants pocket, along with three pawn tickets. Two of the tickets reflected pawns at 10:10 a.m. and 1:40 p.m. that day for a total of $41.

Harper testified at trial that he had been to the pawn shop and stopped at the laundromat to watch the wreck. As he was leaving, an unidentified woman who was also in the laundromat told him that he dropped some money inside. As he went back to investigate, he saw Bennett picking up some money. They argued, but he did not touch her. When she dropped her wallet and ran out the door, he picked up the $20 bill which was then found on him by police.

The issue of which version of these events to believe, Harper's or the State's, was for the jury, which resolved the credibility issues in favor of the State. OCGA § 24-9-80. As noted above, we do not deter-

mine credibility, only the sufficiency of the evidence. *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367) (1991). The evidence was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hogan v. State*, 210 Ga. App. 122 (1) (435 SE2d 494) (1993).

2. Harper argues that trial counsel was ineffective in that he did not advise him that upon conviction, he would be sentenced as a recidivist; failed to properly investigate the case and to locate and prepare witnesses; failed to file a motion to suppress; and failed to object.

" 'A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. Here, [Harper] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel.' (Citations and punctuation omitted.) *Jones v. State*, 217 Ga. App. 722, 723-724 (2) (458 SE2d 894) (1995)." *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997).

(a) Trial counsel testified that he did advise Harper of the recidivist sentencing potential, although Harper denied it. Determining the credibility of these two witnesses was a matter for the trial court's discretion, and we do not find his ruling clearly erroneous. *Randolph*, supra; *Jones*, supra.

(b) Harper contends that failure to file a motion to suppress items found on his person, including the $20 bill and the pawn tickets, was error.

This Court will not presume a deficiency from the mere failure to file standard pretrial motions, including a motion to suppress. *Edwards v. State*, 224 Ga. App. 332, 334 (3) (480 SE2d 246) (1997).

Further, Harper testified that he had been to the pawn shop, and the tickets buttressed his contention that the money at issue was from the pawns. Therefore, even if a deficiency had been shown by not filing the motion, Harper cannot show that such a motion would have been successful since he relied on the evidence as part of his case and it was properly seized pursuant to his arrest. *Peavy v. State*, 262 Ga. 782 (425 SE2d 654) (1993).

(c) Harper contends that counsel's failure to locate the woman he said was also present in the laundromat was ineffective assistance. Again, however, counsel's testimony as to the description he was given is at odds with Harper's, and the court did not err in crediting counsel's version. According to him, only a very general description was given which would fit most of the women in Augusta, and

Harper did not provide any location for the witness other than a large apartment complex.

There has been no showing of ineffective assistance in this regard. *Randolph*, supra; *Jones*, supra at 724 (2).

(d) The remaining claims of ineffectiveness are grounded in matters of trial tactics and strategy and do not provide a basis for finding counsel lacking. Such tactical decisions do not equate with ineffective assistance of counsel. *Hammond v. State*, 264 Ga. 879, 882 (4) (452 SE2d 745) (1995); *Riser v. State*, 222 Ga. App. 348, 349 (474 SE2d 632) (1996); *Williams v. State*, 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995).

3. Harper's final enumeration is that the court erred "in failing to charge [Harper's] sole defense of claim of right."

Trial counsel filed written requests to charge on the principles of claim of right (OCGA § 16-8-10) and mistake of fact (OCGA § 16-3-5). Although no charge conference is contained in the transcript, the court noted on the mistake of fact request that the concept was covered by the pattern charge and on the claim of right request that it was withdrawn. Additionally, after the charge was given, the court inquired if counsel had objections to it and defense counsel said no. The court fully charged the defense of mistake of fact, the necessity for the State to prove malicious intent, and on affirmative defenses by which an accused admits an act but seeks to justify, excuse or mitigate it.

Nonetheless, appellate counsel contends that since claim of right was Harper's "sole defense," it was incumbent upon the trial court to charge, even without a request, based on *McRoy v. State*, 131 Ga. App. 307 (205 SE2d 445) (1974).

This argument is without merit since trial counsel also requested a charge on mistake of fact which was given in substance.

" 'The charge of the jury must be taken as a whole and each part thereof considered in connection with every other part of the charge. See, *Marchman v. State*, 129 Ga. App. 22 (3) (198 SE2d 425); *Hightower v. State*, 135 Ga. App. 275, 277 (217 SE2d 636).' *Grant v. State*, 136 Ga. App. 351 (1), 352 (221 SE2d 210)." *Leigner v. State*, 213 Ga. App. 871, 872 (3) (446 SE2d 770) (1994).

So considering the charge here, we find it fully charged on the required elements and on Harper's mistake of fact defense.[2] There was no error. See *Wideman v. State*, 222 Ga. App. 733 (2) (476 SE2d 49) (1996).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge*

---

[2] In *McRoy*, supra at 308 (3), by comparison, "[n]owhere in the charge of the court is this defense covered or even mentioned."

*Harold R. Banke concur.*

DECIDED APRIL 14, 1998.
Robbery. Richmond Superior Court. Before Judge Overstreet.
*Sam B. Sibley, Jr.*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.