## A98A2097. COLLINS v. THE STATE.
(510 SE2d 609)

POPE, Presiding Judge.

Larry Collins appeals from his armed robbery and burglary convictions.

1. Collins' challenge to the sufficiency of the evidence is without merit. Thomas Harmon testified that he was washing his car outside his condominium when three men approached him with guns and forced him inside the condominium. One of Harmon's neighbors witnessed the incident and called the police. Inside the condominium, Harmon testified, the men tied him up with a lamp cord, hit him on the head, ripped the telephone from the kitchen wall, ransacked the place, and then left after finding approximately $150. When the police arrived Harmon was outside the condominium bleeding from his head. While investigating the crime scene, the police lifted a fingerprint from the telephone in Harmon's kitchen. A Georgia Bureau of Investigation fingerprint expert examined the print and concluded that it matched Collins' fingerprint. Harmon identified Collins in court as one of the men who robbed him.

Collins denied that he participated in the crimes. He claimed that his fingerprint was on the telephone because he had used it the day before the robbery when he was in the condominium to buy marijuana from Harmon.

Contrary to Collins' argument, the evidence, when viewed in the light most favorable to the verdict, was sufficient to enable the jury to find him guilty beyond a reasonable doubt of armed robbery and burglary. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jones v. State*, 195 Ga. App. 894 (395 SE2d 83) (1990); *Boyd v. State*, 168 Ga. App. 246-248 (1) (308 SE2d 626) (1983).

2. Collins contends the court erred in not allowing him to ask Harmon on cross-examination where he lived prior to the incident at his condominium. The prosecutor objected to the question as irrelevant and the court sustained the objection. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Citations and punctuation omitted.) *Rary v. State*, 228 Ga. App. 414, 415 (2) (491 SE2d 861) (1997). Here, the trial court did not clearly abuse its discretion in determining that the victim's prior residence had no relevance to the armed robbery and burglary occurring at a different residence. See *Hayes v. State*, 193 Ga. App. 33, 34 (2) (387 SE2d 139) (1989). Collins has shown no reversible error.

3. Collins enumerates that the court erroneously sustained the state's objection to his question about statements he made to a detective. The enumeration of error, however, is not supported in Collins'

brief by citation of authority or argument, and is therefore deemed abandoned. Court of Appeals Rule 27 (c) (2); *Brundage v. State*, 231 Ga. App. 478, 480 (3) (499 SE2d 408) (1998).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED DECEMBER 29, 1998.

*Gerald P. Privin*, for appellant.

*Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney*, for appellee.