## A00A1587. GARY v. THE STATE.
### (536 SE2d 220)

JOHNSON, Chief Judge.

Samuel Gary was indicted for burglary. The state offered to recommend that the judge sentence Gary to serve five years in prison and three years on probation if Gary pled guilty to the charge. Gary rejected the offer and instead pled not guilty and demanded a speedy trial. The case was tried before a jury, which found Gary guilty of the burglary. Because Gary had four prior felony convictions, the trial judge sentenced him as a repeat offender under OCGA § 17-10-7 to serve ten years in confinement followed by ten years on probation.

Gary moved for a new trial, claiming that his trial counsel had been ineffective in failing to inform him that if he were sentenced as a repeat offender for this fifth felony, then under OCGA § 17-10-7 (c) he would not be eligible for parole and would have to serve the entire term of confinement imposed by the judge. Gary claimed that had he known he would not be eligible for parole, he would have accepted the state's plea bargain offer and would not have proceeded to trial.

The trial court denied the motion for a new trial. Gary appeals from that denial, reasserting his claim that his trial counsel was ineffective in failing to inform him of the consequences of a repeat offender sentence. We agree with the trial court's finding that the claim is without merit.

Contrary to Gary's claim, the evidence presented at the motion for a new trial hearing did not require the trial court to find that Gary's counsel failed to fully inform him of the consequences of a repeat offender sentence. The attorney testified that before trial he spoke with Gary two separate times about the state's plea bargain offer and each time he explained to Gary that if he were sentenced as a recidivist, he would have to serve every day of the sentence imposed by the judge. The attorney further testified that on the morning of trial, when the prosecutor served them with the state's notice to seek recidivist sentencing, he and Gary again discussed the ramifications of a recidivist sentence.

Gary first testified that his attorney could have talked to him about a recidivist sentence, but that he simply did not remember the conversation. Later, Gary changed his testimony and claimed that upon further reflection he did not believe his lawyer had told him about recidivist punishment. Based on the testimony given by Gary and his attorney, the trial court was authorized to find that Gary was fully informed of the risks of a recidivist sentence and was afforded effective assistance of counsel.[1]

Moreover, even if the evidence demanded a finding that Gary's attorney failed to inform him he would be ineligible for parole if sentenced as a recidivist, the Supreme Court has expressly held that such a failure does not amount to ineffective assistance of counsel.[2] The Court has ruled that ineligibility for parole does not lengthen a sentence but is merely a legislatively imposed collateral effect on a sentence, and there is no requirement that a defendant be informed of such a collateral consequence.[3] "Accordingly, counsel's failure to advise the defendant of the collateral consequences . . . cannot rise to the level of constitutionally ineffective assistance."[4] Thus, in the instant case, even if Gary's attorney did not inform him of the consequences of being sentenced as a repeat offender, Gary was not denied effective assistance of counsel.[5]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 22, 2000 ▆▆▆▆▆▆▆▆

*Anna Blitz*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[1] See *Ellis v. State*, 240 Ga. App. 498, 501 (1) (b) (523 SE2d 914) (1999).
[2] *Williams v. Duffy*, 270 Ga. 580, 582 (1) (513 SE2d 212) (1999).
[3] Id. at 581 (1).
[4] Id. at 582 (1).
[5] See *Mann v. State*, 240 Ga. App. 809, 810 (1) (b) (524 SE2d 763) (1999).