## A00A0933. BRYANT v. THE STATE.

(541 SE2d 80)

SMITH, Presiding Judge.

Johnny Bryant was convicted by a jury of misdemeanor involuntary manslaughter, OCGA § 16-5-3 (b). His motion for new trial as amended was denied, and he appeals. We affirm.

1. Bryant contends the evidence was not sufficient to convict him of involuntary manslaughter. Construed to uphold the verdict, the largely undisputed evidence showed that Bryant, Chief Deputy Sheriff of Randolph County, was on patrol with Officer Tracy Green of the Cuthbert Police Department, when Green noticed a truck but could not see whether it had a license tag. Green, who was driving the patrol car, turned around in an attempt to determine whether this truck indeed had a tag and saw the truck make a sharp left turn "in a reckless manner at a high rate of speed." Green activated his emergency lights and siren and gave chase. The truck continued speeding and ran through at least three stop signs and one red light. Evidence was also presented that the truck struck the vehicle of another officer and continued to flee, leaving the collision "in full acceleration."

When Bryant saw this collision, he stated to Green that "we have to stop this guy before he kills somebody." Bryant later stated to an investigating officer that he "made a conscious decision to stop or slow the vehicle by shooting its tires out." He stated that he observed no oncoming traffic but also acknowledged that "[o]ur fear was oncoming traffic and what might happen if the chase continued." He also testified at trial that he feared for the safety of several college students he had seen earlier placing signs along the road. Acting on this decision, Bryant fired his gun outside his window, aiming at the truck's tires, while Green was driving approximately 90 to 100 mph. He fired six shots from his gun at the truck's rear tire and reloaded, firing three more shots before his gun "locked down." He then unsnapped Green's holster, took Green's gun, and shot twice more. The second shot shattered the truck's back window, and the truck left the road and came to a stop. Bryant then approached the truck and discovered that the driver had died from a gunshot wound. At trial, Green acknowledged that the truck driven by the victim did have a

tag on it.

Bryant maintains that he raised the affirmative defense of accident, as well as that of justification under OCGA § 16-3-20 (1), (2), and (4), that the State failed to disprove these defenses, and consequently that the evidence was insufficient to convict him. More specifically, he contends he "was engaged in reasonable, lawful conduct, was fulfilling his duties as a government employee . . . and was in the course of making a lawful arrest on a fleeing forcible felon."

Under OCGA § 16-5-3 (b),

> [a] person commits the offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm.

Evidence was presented that Bryant was aiming at the victim's tires and did not intend to shoot the victim in the head. Furthermore, he apparently believed force was necessary to prevent harm to others, as he observed the victim's truck strike another police officer's vehicle. See OCGA § 16-3-21. But the State also presented evidence that he used an unfamiliar weapon to shoot at a moving vehicle, from a moving police car, on a winding road, while engaged in a high speed chase. Under these circumstances, the jury was authorized to find that Bryant committed the lawful act of attempting to stop the truck in an unlawful manner "amount[ing] to such gross negligence and heedless indifference to the rights and safety of the victim that an injury to the victim was reasonably foreseeable." (Citation and punctuation omitted.) *Stewart v. State*, 163 Ga. App. 735, 737 (295 SE2d 112) (1982). See also *Maloof v. State*, 145 Ga. App. 408 (243 SE2d 634) (1978).[1]

2. Bryant contends the trial court erroneously excluded evidence that the chase began in a "high drug area" and that marijuana and a smoking device were found in the victim's truck.[2] The court found

---

[1] This case is not one involving the trial court's refusal to give a charge on lawful act — unlawful manner involuntary manslaughter. We also note that the defendant in this case was a police officer, rather than a private citizen, a fact distinguishing this case from those in which the victim died from a gunshot wound and the defendant claimed self-defense or justification as a defense. In such cases, both the Supreme Court and this court have held that a defendant is not entitled to a charge on lawful act — unlawful manner involuntary manslaughter. See, e.g., *Willis v. State*, 258 Ga. 477 (1) (371 SE2d 376) (1988); *Pullin v. State*, 257 Ga. 815, 817 (4) (364 SE2d 848) (1988); *Bangs v. State*, 198 Ga. App. 404, 405 (2) (401 SE2d 599) (1991).

[2] The trial court allowed a toxicology report showing that the victim had cocaine in his system at the time of his death.

these facts to be irrelevant to the issues on trial. The exclusion of evidence "on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Citations and punctuation omitted.) *Collins v. State*, 235 Ga. App. 852 (2) (510 SE2d 609) (1998). Here, Officer Green began chasing the victim only after the victim began speeding and driving recklessly. Nothing in the record suggests any knowledge, or even suspicion, on the part of Green or Bryant that the victim was using drugs or involved in any drug-related activity. Consequently, the trial court did not abuse its discretion in concluding that the excluded evidence was irrelevant.

We note Bryant's argument that the State "opened the door" to introduction of the excluded evidence by inquiring of an investigating officer whether the victim had a valid driver's license on the night he was killed. The prosecutor also asked whether this witness had known people to run from the police when they did not have a driver's license, and the witness answered in the affirmative. The trial court did not err in continuing to disallow evidence of drug possession by the victim or evidence that the chase began in a high crime area. Following objection by defense counsel and argument outside the jury's presence, the trial court instructed the jury to disregard the officer's testimony concerning the victim's driver's license. Moreover, even if the prosecutor's questions concerning the victim's driver's license had "opened the door" to the introduction of other evidence of traffic infractions, Bryant has not shown that evidence concerning drug use was relevant to the issues before the jury. We find no error with respect to this contention.

3. Bryant argues that during its charge, the trial court erred by "emphasizing the State's position that [he] acted in an illegal manner in shooting at the deceased's vehicle, while failing to state or acknowledge in any way [his] position that no act occurred in an illegal manner." The trial court defined involuntary manslaughter as defined in OCGA § 16-5-3 (b). The court then charged the jury the following:

> The lawful act which is alleged in the indictment is the pursuit of an unidentified vehicle, and the alleged unlawful manner, in the firing of a pistol at the tires of said vehicle in an attempt to stop said vehicle, one of the shots hitting [the victim] in the head and killing him.

We find no merit in Bryant's contention that this charge constituted error. First, although defense counsel reserved any objections to the charge, Bryant has not pointed "to any specific instruction [he] requested in writing that was not given." *Youhoing v. State*, 226 Ga.

App. 475, 477 (2) (487 SE2d 86) (1997). But assuming that Bryant preserved his objection for appeal, the language to which he now objects did not offer "a suggestion or scenario or method of guilt," contrary to his contention. The trial court simply used language similar to that in the indictment to instruct the jury on the application of the crimes alleged against Bryant to OCGA § 16-5-3 (b). The court then instructed the jury on the defenses of justification and accident. Reading the charge as a whole, as we must, see, e.g., *Hambrick v. State*, 256 Ga. 688, 690 (3) (353 SE2d 177) (1987), we cannot say that Bryant was in any way prejudiced by the trial court's instructions.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 23, 2000 —
RECONSIDERATION DENIED NOVEMBER 8, 2000 — ▮▮▮▮▮▮▮▮

*Kenneth W. Musgrove*, for appellant.

*J. Brown Moseley*, District Attorney, *Minerva C. Blanchette*, Assistant District Attorney, for appellee.