## A01A1417. SWINT v. THE STATE.
### (552 SE2d 504)

JOHNSON, Presiding Judge.

Amos Swint was charged with aggravated assault, kidnapping, and making terroristic threats. A jury found him guilty of aggravated assault and acquitted him on the other two counts. In his sole enumeration of error, Swint contends the trial court erred in refusing to grant his motion for new trial on the basis that his trial counsel was ineffective. Specifically, Swint argues that his trial counsel should have called a particular witness to bolster the credibility of Swint's version of the facts. Because we find no error, we affirm Swint's conviction.

To prevail on a claim of ineffective assistance of counsel, Swint bears the burden of proving (1) that his trial counsel's performance was deficient, and (2) that but for this deficiency the outcome of the trial would have been different.[1] In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance and that challenged actions might be considered sound trial strategy.[2] The trial court's determination that Swint was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous.[3]

Swint's sole contention is that his attorney's failure to call a particular witness to corroborate Swint's version of the facts was an instance of ineffectiveness. However, Swint did not call the witness to testify for his motion for new trial. In fact, Swint's appellate counsel filed the motion for new trial, informed the trial court that no witnesses would be presented, and argued the case by brief. Thus, Swint has failed to present any probative evidence that the witness would have testified for him or that, if so, the witness' testimony in his behalf would have been exculpatory.[4] "In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure

[1] *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).
[2] *Davis v. State*, 238 Ga. App. 84, 89 (7) (517 SE2d 808) (1999).
[3] *Turner*, supra.
[4] *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999).

resulted from a tactical decision, negligent oversight, or otherwise), a defendant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[5] Without the testimony of the particular witness, it is impossible for Swint to show there is a reasonable probability the results of the proceedings would have been different.

Moreover, in the absence of testimony to the contrary, counsel's actions are presumed strategic,[6] and counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel.[7] Here, in the absence of testimony to the contrary, we must presume that Swint's trial counsel chose not to call the witness as a matter of trial strategy. The trial court did not err in denying Swint's motion for new trial based on his ineffective assistance of counsel claim.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JULY 13, 2001.

*Tapley & Warnock, Charles M. Warnock, Jr.*, for appellant.
*Ralph M. Walke, District Attorney*, for appellee.

[5] (Citation and punctuation omitted.) *Letson v. State*, 236 Ga. App. 340, 341 (2) (512 SE2d 55) (1999).
[6] *Sewell v. State*, 229 Ga. App. 685, 687 (1) (494 SE2d 512) (1997).
[7] *Williams v. State*, 242 Ga. App. 1, 2 (528 SE2d 521) (2000).