## A01A2097. ATKINS v. THE STATE.
(558 SE2d 755)

JOHNSON, Presiding Judge.

Christopher Atkins was charged with two counts of aggravated assault and one count of making terroristic threats. A jury found him guilty on the aggravated assault counts, and the trial court directed a verdict of not guilty on the terroristic threats count. Atkins appeals, alleging numerous errors by the trial court and numerous grounds of ineffective assistance of counsel. Because each of his allegations of error lacks merit, we affirm Atkins' convictions.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that the victims were sitting in a car at a gas station. Atkins walked up to the car and opened the driver's door. He pointed a gun at the driver and demanded money. When the driver did not comply immediately, Atkins fired at the hood of the car. He fired another shot which injured the driver's thigh. Atkins then shot the passenger in the left leg and shot the driver in the head. Atkins was positively identified by both victims from a photo lineup and at trial.

1. In his first enumeration of error, Atkins contends the trial court erred in failing to administer the jury oath mandated by OCGA § 15-12-139. The record shows that the trial judge began the process of qualifying the jury by asking whether anyone on the panel knew or was related to either of the prosecutors trying the case. There were no affirmative responses from the jury panel. Immediately upon realizing that she had failed to administer the jury oath before asking the first question on voir dire, the trial judge administered the jury oath. Once the oath was administered, the trial judge proceeded with the remaining qualifying questions. Atkins asserts that the trial judge erred in failing to repeat the first qualifying question after the oath was administered. We find no reversible error.

Atkins correctly points out that the failure to administer the jury oath mandated by OCGA § 15-12-139 constitutes reversible error.[1] However, the present case does not deal with a total failure to admin-

---

[1] See *Grant v. State*, 272 Ga. 213 (528 SE2d 512) (2000).

ister the jury oath. Here, the trial judge merely failed to repeat one qualifying question after the oath was administered. This creates an irregularity in the giving of the jury oath, not a total failure to administer the oath.[2]

In addition, as for the irregularity, the record shows that no juror responded affirmatively to the question, and Atkins has not produced a juror who was related within the prohibited degree. Therefore, Atkins has failed to demonstrate any prejudice by the trial judge's failure to administer the jury oath prior to asking the first qualifying question.[3] We find no error.

2. Atkins contends the trial court commented on the evidence four separate times. We find that the trial court's statements do not constitute comments on the evidence contrary to OCGA § 17-8-57, which prohibits an expression or intimation of opinion by the trial court as to what has or has not been proven.

(a) After asking the qualifying questions, the trial court admonished the prospective jurors to "please listen carefully to the facts as contained in the indictment." Prior to this comment, the trial court informed the jurors that the indictment "contains the charges that have been placed against Mr. Atkins by the district attorney." The trial court also stated in its preliminary charge that the state had the burden to prove that the "material elements of the charges exist, that the charges contained in the indictment are in fact true." Based on the record, we find that the trial court's inadvertent reference to the allegations in the indictment as "facts" cannot be construed as an expression of opinion or a comment on the evidence.

(b) Likewise, the trial court's reference to the indictment as "evidence" was not an expression of opinion as to what had been proven. After the jury was selected and sworn, but before the trial began, the trial judge cautioned the jury not to discuss the case when the jury was excused for lunch. The trial court mistakenly stated, "You've heard no evidence other than the indictment." Subsequently, the trial court gave an accurate instruction as to how the indictment should be considered when the jury was instructed as follows: "I caution you that the fact that the accused has been indicted by the grand jury is not evidence of his guilt. You should not consider the indictments as evidence or implication of guilt."

It is well established that a mere verbal inaccuracy resulting from a slip of the tongue which does not clearly mislead or confuse the jury is not reversible error.[4] Because the trial court's erroneous statement was thoroughly corrected during the trial court's subse-

---

[2] See generally *Slaughter v. State*, 100 Ga. 323, 326 (28 SE 159) (1897).
[3] See *Marshall v. State*, 266 Ga. 304, 306 (5) (466 SE2d 567) (1996).
[4] *Matthews v. State*, 268 Ga. 798, 805 (7) (493 SE2d 136) (1997).

quent charge to the jury, we find no possibility that the jury was confused or misled. Therefore, any error must be deemed harmless.[5]

(c) During preliminary instructions, the trial court told jurors, "you have to base your decision on what you do hear, and what is said to you by the attorneys in their questions and to the witnesses." This statement occurred while the trial court was explaining to the jury that the defendant did not have the burden of proof. While it is true that what the attorneys say in their arguments does not constitute evidence, attorneys' questions provide the context for considering the witnesses' responses, which is evidence. Thus, we find that the trial court's statement is not fatal. It did not intimate what the trial judge believed, nor did it amount to an expression of her opinion pursuant to OCGA § 17-8-57. Moreover, any misstatement was not substantive and cannot be said to have misled or confused the jury.[6] The trial court's charges as a whole were adequate to instruct the jury as to how to consider the evidence.

(d) As the jurors were being dismissed for lunch before the trial began, the trial court admonished the jurors to avoid contact with the attorneys and witnesses. The trial court directed the jurors to report anything they might hear outside the courtroom "so we can make sure that we don't have any problems with your hearing any evidence outside of the courtroom." Of course, there is no evidence outside the courtroom. However, the trial court's misstatement was later corrected when it properly defined evidence as the witnesses' testimony and documents admitted during the trial. We find no error sufficient to warrant reversal of Atkins' convictions.

3. Atkins contends the trial court erred in refusing to declare a mistrial when a police officer referred to a lineup photograph as being from a prior arrest. According to Atkins, this comment impermissibly placed his character into evidence. We find no error. The Supreme Court of Georgia has held that "such evidence, without more, contains nothing to indicate that the defendant was guilty of previous crimes . . . [and] did not put the appellant's character [in] issue."[7] The officer's testimony that Atkins' picture was on file because he had previously been arrested did not require the trial court to grant a mistrial or issue curative instructions. As in *Gravitt*, this statement did nothing to indicate that Atkins was guilty of previous crimes and did not place Atkins' character in issue.

4. Atkins complains that the trial court interfered with the jury's

---

[5] Id.

[6] See generally *Hyman v. State*, 272 Ga. 492, 495 (3) (531 SE2d 708) (2000); *Gober v. State*, 247 Ga. 652, 655-656 (3) (278 SE2d 386) (1981).

[7] *Gravitt v. State*, 239 Ga. 709, 712 (5) (239 SE2d 149) (1977); see also *Hines v. State*, 246 Ga. App. 835, 836 (1) (541 SE2d 410) (2000).

factfinding role by encouraging them to rush through their deliberations. We find no such error. The record shows that on the second day of trial, the jury spent a large amount of time in the jury room. In addition, Atkins' counsel requested a longer than usual, earlier than usual lunch break so that he could obtain and serve a subpoena on an unexpected witness. In an effort to diffuse the jury's anticipated anxiousness over being held in the jury room much of the morning, the trial court spoke to the jury before sending the jurors to lunch. The trial judge apologized to the jurors for the delay and informed the jurors that "[t]here shouldn't be any reason why we won't be done with the case, completely done today." We do not find that this comment interfered with the jury's factfinding role or encouraged the jury to later rush through its deliberations.[8]

5. Atkins maintains that the trial court erred in failing to have the bench conferences recorded. In felony cases, it is the duty of the trial judge to direct the recordation of the trial proceedings, including "all motions, colloquies, objections, rulings, evidence, . . . and all other proceedings which may be called in question on appeal."[9] However, Atkins has not attempted to demonstrate any harm or prejudice resulting from this failure to record.[10] Nor has Atkins fulfilled his duty to have the record completed by reconstruction pursuant to OCGA § 5-6-41.

When the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f).[11] Because Atkins has not had the record completed by reconstruction, we cannot determine that any harm was done by the failure to record the bench conferences.[12] Indeed, Atkins' trial counsel testified that he did not ask for the bench conferences to be recorded because "[a]t the time nothing was going on in the conferences, as I recall, that I saw as having any bearing on the outcome of the case. The case was pretty straightforward." This enumeration of error lacks merit.

6. Atkins' remaining enumerations of error relate to his ineffective assistance of counsel claim. He cites six instances of alleged ineffective assistance. In order to prevail on these claims, Atkins has the burden of proving (1) that his trial counsel's performance was deficient, and (2) that but for this deficiency there is a reasonable

[8] See *Crawford v. State*, 267 Ga. 543, 547 (10) (480 SE2d 573) (1997).
[9] OCGA § 5-6-41 (a), (d).
[10] See *Boone v. State*, 250 Ga. App. 133, 139 (11) (549 SE2d 713) (2001); *Ramsay v. State*, 220 Ga. App. 618, 626 (13) (469 SE2d 814) (1996).
[11] See *Boone*, supra.
[12] Id. at 139-140.

probability the outcome of the trial would have been different.[13] In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance and that challenged actions might be considered sound trial strategy.[14] The matter of when and how to raise objections is generally a matter of trial strategy,[15] and counsel's decisions on matters of tactics and strategy, even if unwise, do not amount to ineffective assistance of counsel.[16] The trial court's finding that Atkins was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous.[17]

Atkins maintains his trial counsel was deficient for (1) not objecting to the court's handling of the jury oath, (2) not objecting and moving for mistrial when the trial court allegedly commented on the evidence, (3) not demanding a mistrial when a police officer referred to a lineup photograph as being from a prior arrest, (4) not objecting to the trial court's comments purportedly rushing the jury through deliberations, and (5) not objecting when bench conferences were not recorded. Because we have already addressed and concluded in Divisions 1 through 5 that Atkins' enumerations of error with respect to these issues do not constitute reversible error, Atkins cannot show that his trial counsel was deficient in failing to object or otherwise seek redress as to those matters and cannot show that his trial counsel's actions so prejudiced his defense that the trial outcome would be different.[18]

In Atkins' remaining enumeration of error, he alleges trial counsel was deficient for not reserving objections to the jury charge. However, Atkins has failed to establish any harm which he has suffered as a result of this omission. He has not identified any requested charges which were not given. Nor has he cited any charges given, other than the preliminary charges already addressed in Division 2, which might constitute reversible error. The trial court did not err in denying Atkins' motion for new trial based on his ineffective assistance of counsel claim.

*Judgment affirmed. Ellington, J., concurs. Ruffin, J., concurs in judgment only.*

---

[13] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Swint v. State*, 250 Ga. App. 573 (552 SE2d 504) (2001).

[14] *Davis v. State*, 238 Ga. App. 84, 89 (7) (517 SE2d 808) (1999).

[15] See *Gibson v. State*, 272 Ga. 801, 804 (4) (537 SE2d 72) (2000).

[16] See *Swint*, supra at 574.

[17] *Sabbs v. State*, 248 Ga. App. 114, 115 (2) (545 SE2d 671) (2001).

[18] See *Jenkins v. State*, 268 Ga. 468, 473 (10) (491 SE2d 54) (1997).

DECIDED JANUARY 8, 2002.

*Mary Erickson*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.