A02A1363. JIVIDEN v. THE STATE.
(569 SE2d 589)

RUFFIN, Judge.

A jury found William Arnold Jividen guilty of numerous theft-related offenses. Jividen appeals, arguing that he received ineffective assistance of counsel and that the trial court erred in excluding evidence from his motion for new trial hearing. For reasons that follow, we affirm.

Jividen's convictions relate to a string of burglaries and thefts in Whitfield County. The record shows that police and several victims discovered various stolen items in Jividen's possession at a flea market where he often sold goods. Police also found stolen merchandise

---

at Jividen's residence and in storage buildings he used on property belonging to his father's mother-in-law.

The State charged Jividen with three counts of burglary, two counts of theft by taking, and one count each of theft by bringing stolen property into the state, theft by receiving stolen property, and possessing an article with an altered identification mark. At trial, the lower court directed a verdict for Jividen on the charge of theft by bringing stolen property into Georgia. The jury found Jividen guilty of the remaining counts, but reduced one burglary charge to theft by taking less than $500.

Jividen moved for a new trial, arguing, among other things, that he received ineffective assistance of counsel. In particular, he asserted that his appointed counsel did not have time to adequately prepare his defense. The trial court held a hearing on Jividen's motion, at which both Jividen and his trial counsel testified. Jividen also sought to introduce evidence relating to the Whitfield County Indigent Defense Program, which, Jividen claimed, showed that appointed defense counsel in Whitfield County are overworked, underpaid, and do not have time to develop their clients' cases. The trial court, however, excluded this evidence as irrelevant to Jividen's ineffective assistance claim. In the court's view,

> [even] assuming[,] for hypothetical purposes, that the Whitfield County Indigent Defense Program was just terrible and the worst in the world and dumped all sorts of too many cases on the counsel and whatever else you might want to allege is wrong with it, if that is true, nevertheless the question is whether the appointed public defender was effective in this particular trial. And if he was, then the other [evidence] is irrelevant.

After the hearing, the trial court denied Jividen's motion for new trial.

1. In his first enumeration of error, Jividen argues that the trial court erred in denying his ineffective assistance of counsel claim. To succeed in this claim, Jividen must prove "(1) that his trial counsel's performance was deficient, and (2) that but for this deficiency the outcome of the trial would have been different."[1] In so doing, he must overcome the strong presumption that trial counsel performed within the wide range of reasonable professional conduct and that any challenged conduct might be considered sound trial strategy.[2] We will not reverse the trial court's conclusion that Jividen received effective

---

[1] *Blackford v. State*, 251 Ga. App. 324, 328 (4) (554 SE2d 290) (2001).

[2] See id. at 328-329.

assistance of counsel absent clear error.[3] As discussed below, we find no error here.

(a) According to Jividen, trial counsel lacked sufficient time to prepare for trial and thus rendered ineffective assistance of counsel. The record shows that trial counsel was appointed to defend Jividen on July 2, 2001, 22 days before trial commenced on July 24, 2001. This 22-day preparation period is not, as a matter of law, inadequate. As we have held, " '[t]here exists no specified amount of time which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity.' "[4]

Jividen argues that, because trial counsel had a heavy caseload and other commitments, the 22-day period was inadequate in this case. Trial counsel testified, however, that he interviewed Jividen two or three times before trial, discussed the case with the district attorney more than once, received discovery from the State, and developed a trial strategy. The record also shows that, in addition to calling Jividen at trial, counsel presented another witness and introduced evidence on Jividen's behalf. Asked whether extra preparation time would have produced additional leads, witnesses, or evidence helpful to the defense, trial counsel responded: "No, none that I'm aware of. I was led to believe [by Jividen] that there was nothing out there to get." Counsel further testified that he would not have changed his preparation had he been afforded more time.

Jividen testified that he saw counsel only one time before the calendar call, when he spoke with counsel "briefly." Charged with resolving the conflict in the testimony, however, the trial court was authorized to believe trial counsel and reject Jividen's apparent claim that counsel interviewed him only once.[5] Furthermore, given counsel's testimony about his pre-trial activities, the trial court did not clearly err in finding that counsel had sufficient time to prepare and, in fact, adequately prepared Jividen's defense.[6]

We also note that Jividen has presented no evidence that, if counsel had been given additional time to prepare, the outcome of his trial would have been different. Jividen asserts that counsel should have subpoenaed certain witnesses to testify on his behalf. None of these witnesses, however, appeared at the new trial hearing. And without evidence regarding what their testimony would have been at

---

[3] See id. at 329.

[4] *Hudson v. State*, 234 Ga. App. 895, 901 (3) (b) (ii) (508 SE2d 682) (1998). See also *Roland v. State*, 266 Ga. 545, 546 (3) (468 SE2d 378) (1996) ("[A] two-week preparation period is not inadequate as a matter of law.").

[5] See *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997).

[6] See *Roland*, supra at 545-546 (2); *Randolph*, supra at 324-325.

trial, "it is impossible for [Jividen] to show there is a reasonable probability the results of the proceedings would have been different" had trial counsel called these witnesses.[7] Moreover, trial counsel testified that additional time would not have affected his preparation or produced beneficial evidence. Jividen, therefore, has not shown any prejudice from this alleged lack of preparation time.

(b) Jividen also argues that trial counsel failed to explain to him the risks of trial and the rewards of the State's plea offer. Counsel testified that he received a plea offer from the State at some point before calendar call. He informed Jividen about the offer and, given the State's evidence, "recommended that [Jividen] consider taking the plea." According to counsel, he made it clear to Jividen that they would have difficulty "[get]ting around" the State's evidence at trial. Counsel also informed Jividen about the length of possible prison sentences if the jury found him guilty and tried to impress upon him the seriousness of the charges. Counsel further testified that he "explained . . . the consequences" of the plea offer to Jividen and informed his client that the sentence imposed following a guilty verdict could be substantially more than the sentence involved in the State's offer. Jividen, however, "continued to want to go to trial" and, in counsel's view, did not take the case seriously until jury selection began.

At the new trial hearing, Jividen testified that counsel never told him he faced difficult odds at trial, did not discuss the trial risks with him, and informed him that they "stood a pretty good chance of winning." Jividen also testified that if he had known he had virtually no chance of winning on all counts, he would have accepted the plea offer.

Jividen's testimony contrasts sharply with that of trial counsel. Given the conflicting evidence, the trial court was authorized to conclude that counsel sufficiently informed Jividen about the consequences of rejecting the plea offer and proceeding to trial.[8]

(c) Jividen further claims that trial counsel should have moved to suppress evidence discovered during a warrantless search of property owned by his father's mother-in-law. Even assuming that Jivi-

---

[7] *Swint v. State*, 250 Ga. App. 573, 574 (552 SE2d 504) (2001). See also *Baker v. State*, 251 Ga. App. 377, 380 (2) (554 SE2d 324) (2001) ("Where the missing witness does not testify at the motion for new trial hearing, no evidence supports the claim that the witness was crucial to the defense or that the witness could have been located."); *Webb v. State*, 249 Ga. App. 214, 217 (2) (547 SE2d 767) (2001) (because defendant failed to call allegedly exculpatory witnesses at new trial hearing, he " 'provided no evidence, other than bare allegations, that the testimony of these witnesses would have changed the outcome of the proceedings' ").

[8] See *Gary v. State*, 244 Ga. App. 577-578 (536 SE2d 220) (2000); *Randolph*, supra at 324.

den had standing to challenge the search,[9] he has not shown that counsel was ineffective on this ground.

According to counsel, Jividen stated before trial that he and his family had agreed to the search. Counsel thus concluded prior to trial that the search was consensual, rendering any motion to suppress the seized evidence frivolous.[10] Nevertheless, counsel admitted that, during trial, he learned that police received permission to search the buildings from a member of Jividen's family, rather than Jividen himself. Jividen similarly testified at the new trial hearing that he did not consent to the search.

This evidence does not establish a deficiency. As we have held,

> [t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether.[11]

Based on the testimony, the trial court could have determined that Jividen misinformed counsel about consenting to the search, leading counsel reasonably to believe that a motion to suppress would be frivolous.

Furthermore, Jividen has not shown that the family member who actually consented to the search lacked authority to permit it. " 'Even if a deficiency did result from trial counsel's failure to file a motion to suppress, [Jividen's] burden is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed.' "[12] Accordingly, the trial court did not clearly err in rejecting this ineffective assistance claim.[13]

(d) Finally, Jividen argues that trial counsel was ineffective in not subpoenaing additional witnesses to testify on his behalf. As

---

[9] See *Thomas v. State*, 274 Ga. 156, 159 (3) (549 SE2d 359) (2001) ("When an individual has no ownership or possessory interest in the premises, the individual has no expectation of privacy, and therefore, lacks standing to challenge the validity of a search.").

[10] See *Green v. State of Ga.*, 250 Ga. App. 440, 442 (3) (550 SE2d 736) (2001) ("A valid consent to search eliminates the need for either probable cause or a warrant.").

[11] (Punctuation omitted.) *Huff v. State*, 224 Ga. App. 115-116 (479 SE2d 476) (1996).

[12] *Lane v. State*, 250 Ga. App. 160, 161 (1) (549 SE2d 468) (2001).

[13] See id. at 162-163; *Huff*, supra.

noted above, however, Jividen failed to call these witnesses at the new trial hearing and thus cannot show that any prejudice resulted from their absence at trial.[14]

2. In his second enumeration of error, Jividen argues that the trial court erred in finding information relating to the Whitfield County Indigent Defense Program irrelevant to the new trial hearing. We disagree.

"The exclusion of evidence 'on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.'"[15] The trial court did not abuse its discretion here. The issue before the trial court was whether trial counsel provided effective assistance to Jividen, not whether Whitfield County public defenders are overworked and underpaid. The trial court reasonably found Jividen's generalized attack on the entire indigent defense program irrelevant to the ineffective assistance claim presented here. And the record shows that the trial court permitted Jividen to question trial counsel about *his* particular caseload and other commitments *he* faced at the time of Jividen's trial.

Furthermore, even if the trial court erred in excluding this evidence, Jividen has not established how the evidence would have helped him demonstrate that trial counsel's performance *in this case* was deficient and that the deficiency prejudiced his defense. Accordingly, Jividen has not shown any harm from the evidentiary exclusion.[16]

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED JULY 22, 2002.

*Todd M. Johnson*, for appellant.
*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.

---

[14] See *Swint*, supra.
[15] *Bryant v. State*, 246 Ga. App. 711, 713 (2) (541 SE2d 80) (2000).
[16] See *Shelton v. State*, 252 Ga. App. 444, 448 (3) (556 SE2d 540) (2001) ("'Error alone is not automatically grounds for a new trial but is subject to scrutiny for harmless error.'").