A05A0864. IN THE INTEREST OF C. S., a child.
(621 SE2d 483)

BERNES, Judge.

The Juvenile Court of Chatham County adjudicated C. S. delinquent for committing the felony of aggravated assault. C. S. appeals from the denial of her motion for a new trial, contending that she received ineffective assistance of counsel and that the juvenile court improperly commented on a witness's testimony. Finding no error, we affirm.

On the evening of June 22, 2004, an altercation occurred behind the Crow Bar Lounge in Savannah. After exiting from the lounge, Robert Strickland encountered C. S. and four of her friends. A heated verbal exchange ensued. C. S. "sideswiped" Strickland with her foot, and Strickland turned around and slapped her. One of C. S.'s companions, known only by the first name "Ricky," punched Strickland in the head, causing him to fall to the ground and to strike his head on the pavement. Ricky stole Strickland's wallet and fled from the scene. Strickland was bleeding profusely from the head and drifted in and out of consciousness as he lay on the ground.

An employee of a nearby beverage store observed C. S. repeatedly kick Strickland in the head as he lay on the ground, appearing to have convulsions. Another individual who drove by the scene observed C. S. kick Strickland while he was on the ground in a fetal position. The individual exited from his car and forced C. S. away from Strickland. C. S. was "ballistic," screaming and shouting obscenities. Based on this eyewitness testimony, the juvenile court adjudicated C. S. delinquent of aggravated assault.

1. C. S. argues that she was entitled to a new trial because her trial counsel provided ineffective assistance. "Georgia has adopted the two part test for effectiveness set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)." (Citation omitted.) *Perkins v. State*, 260 Ga. 292, 293 (2) (392 SE2d 872) (1990).

To establish ineffective assistance of counsel under *Strickland*, defendants must show: "1) their counsel's performance was deficient and 2) that the deficient performance prejudiced the defense." (Citation omitted.) Id. at 294 (2). "We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

With these principles in mind, we turn to the specific ineffective assistance claims raised by C. S. She contends that her trial counsel (1) failed to consult with her prior to the commencement of the delinquency hearing; (2) failed to adequately investigate the case; (3) failed to interview or call witnesses whose testimony would have corroborated her version of the incident; (4) failed to seek a continuance to allow further time for preparation; (5) failed to introduce physical evidence, i.e., shoes and a t-shirt worn by C. S. during the incident, which she contends corroborated her version of events; and (6) failed to conduct an effective cross-examination of the State's witnesses.

We have evaluated C. S.'s claims of attorney error and find no basis for reversal. At the hearing on C. S.'s motion for new trial, her trial counsel testified that he had met with C. S. and discussed the case with her for a "good while" during her incarceration and before the delinquency hearing. He attempted to interview every potentially favorable witness mentioned by C. S. He also interviewed C. S.'s mother by telephone and at his office, and he attempted to contact the witnesses whose phone numbers she provided to him. After conducting interviews with the witnesses whom he was able to locate, trial counsel concluded that only one of C. S.'s companions on the night of the incident, A. C., would make a good defense witness, since she was standing near C. S. at the time of the alleged assault. Because the State chose to call A. C. to the stand, trial counsel was able to cross-examine her and elicit favorable testimony that corroborated C. S.'s testimony that she did not kick Strickland when he lay on the ground.

In contrast, trial counsel decided not to call Ricky because of his prior criminal record and the fact that he had stolen Strickland's wallet. Trial counsel also chose not to call the other two male companions of C. S. who were involved in the incident after interviewing them;[1] they both told him that they had not seen whether

---

[1] At one point, C. S.'s trial counsel appeared to have contradicted himself and suggested that he had been unable to locate and interview both of C. S.'s other male companions. To the extent that there were any factual conflicts in the testimony, "[t]he trial court was authorized to resolve these conflicts in the testimony in [trial] counsel's favor." *Davis v. State*, 253 Ga. App. 803, 809 (15) (a) (560 SE2d 711) (2002). Likewise, it is the province of the trial court, not this

C. S. kicked Strickland because they had fled from the scene immediately after Strickland fell to the ground.[2] Furthermore, trial counsel interviewed all of the witnesses called by the State before they testified and cross-examined each of them at the delinquency hearing.

In addition, trial counsel visited the crime scene, where he took steps to evaluate whether the State's witnesses had an adequate vantage point from which to view the incident. This included standing in the drive-through window where the witness from the beverage store had stood in order to determine if she could have seen where the incident occurred. He concluded that the witness had an unobstructed view of the incident and thus chose not to pursue that line of questioning.

Finally, trial counsel testified that C. S. told him that she had washed off her white shoes after the incident with Strickland. As such, he did not obtain C. S.'s shoes from the police station and introduce them into evidence.[3]

Based on this testimony from C. S.'s trial counsel, there was no clear error in the trial court's conclusion that C. S. received effective assistance of counsel at the delinquency hearing. "The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct," and we cannot say that the conduct of C. S.'s trial counsel fell outside that broad range. (Citations omitted.) *Robinson v. State*, 278 Ga. 31, 34 (3) (597 SE2d 386) (2004). Trial counsel's testimony established that he interviewed C. S. and other potential witnesses whom he could locate, and then made a strategic decision about which witnesses to call to the stand. "Decisions about which witnesses to call are a matter of trial strategy, and tactical errors do not amount to ineffective assistance of counsel." (Footnote omitted.) *Weathersby v. State*, 263 Ga. App. 341, 347 (6) (f) (587 SE2d 836) (2003). Likewise, trial counsel's decisions about how to cross-examine the State's witnesses after interviewing them and evaluating the crime scene,

---

Court, to decide issues of witness credibility. *Jividen v. State*, 256 Ga. App. 642, 645 (1) (b) (569 SE2d 589) (2002).

[2] C. S. also complains of trial counsel's failure to procure police recordings of these witnesses' statements. However, these recordings are not part of the record on appeal and were not tendered into evidence at the motion for new trial hearing. Thus, C. S. has not met her burden of proving that she was prejudiced by trial counsel's alleged deficiency. See *Beck v. State*, 263 Ga. App. 256, 258 (587 SE2d 316) (2003).

[3] C. S. also contends that her trial counsel was ineffective for failing to introduce her blood-stained t-shirt into evidence because it would have corroborated her testimony at trial that Strickland slapped her before he fell to the ground. However, the trial court held in favor of C. S. on this issue expressly finding that Strickland had slapped C. S. "[C. S.] accordingly cannot establish how counsel's performance, even if deficient, prejudiced [her] defense so as to support a claim of ineffective assistance of counsel." *Gibson v. State*, 277 Ga. 486, 488 (2) (591 SE2d 800) (2004).

and his decision about what evidence to introduce at the hearing, were tactical decisions that "do not provide a basis for finding counsel lacking." (Citation and punctuation omitted.) *Turner v. State*, 245 Ga. App. 294, 296 (4) (c) (536 SE2d 814) (2000). See also *Williams v. State*, 273 Ga. App. 213, 217-218 (3) (a) (614 SE2d 834) (2005).[4]

It is true, as C. S. emphasizes, that the testimony of several witnesses at the hearing on the new trial motion, including her own, contradicted that of her trial counsel. But "it [was] the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony." (Citation omitted.) *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995). See also *Jividen v. State*, 256 Ga. App. 642, 645 (1) (b) (569 SE2d 589) (2002). The trial court in its role as factfinder at the new trial hearing was entitled to credit the testimony of C. S.'s trial attorney and reject any conflicting testimony presented by other witnesses. Thus, C. S. was not entitled to a new trial on the ground of ineffective assistance of counsel.

2. C. S. argues that she is entitled to a new trial because the juvenile court judge who conducted the delinquency hearing violated his oath of impartiality.[5] C. S. claims that after A. C. testified at the delinquency hearing and the State had rested but before the defense presented its case-in-chief, the judge called A. C. back into the courtroom and accused her of committing perjury. C. S. claims that the juvenile court judge's comments to A. C. demonstrated that he was biased against C. S. and had already reached a decision on the merits of the case before the defense had an opportunity to present its evidence.

Even if the juvenile court judge, sitting as factfinder, commented specifically on the veracity of A. C.'s testimony, it does not follow that the judge was unwilling to consider other evidence later presented by the defense. The comment was directed at the credibility of one witness, not to the ultimate guilt or innocence of the accused. Thus, we cannot say that the judge's alleged critical comment directed toward the testimony of one witness during the course of the bench trial, standing alone, was sufficient to overcome the presumption

---

[4] While C. S. claims that her trial counsel never sought a continuance in order to have adequate time to prepare a defense, the delinquency hearing transcript reveals that trial counsel sought and obtained a one-week continuance during the course of the hearing. Furthermore, trial counsel's testimony at the evidentiary hearing on the new trial motion established that trial counsel had adequate time to prepare a defense; among other things, trial counsel interviewed C. S. and discussed the case with her, interviewed other potential witnesses for the defense as well as the State's witnesses, and examined the crime scene.

[5] Because of the claim of lack of judicial impartiality, the juvenile court judge who conducted the delinquency hearing voluntarily recused himself from hearing the new trial motion.

that the court was fair and impartial and had not prejudged the outcome. See *Marsh v. State*, 254 Ga. App. 342, 343 (1) (562 SE2d 269) (2002); *Kelly v. State*, 238 Ga. App. 691, 693 (1) (520 SE2d 32) (1999). Furthermore, the prohibition against judges commenting on witness testimony is meant to apply to comments made by a judge in front of a jury, not to comments made by a judge in a bench trial, since the purpose behind the prohibition "is to prevent the jury from being influenced." *Smith v. State*, 236 Ga. App. 122, 124-125 (3) (511 SE2d 223) (1999). See also *Jones v. State*, 250 Ga. 498, 499-500 (4) (299 SE2d 549) (1983); *Richmond v. State*, 174 Ga. App. 498, 499 (2) (330 SE2d 427) (1985). Under these circumstances, we find no error.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 7, 2005 —
RECONSIDERATION DENIED SEPTEMBER 23, 2005.

*Terrence A. Shannon*, for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly Rowden, Assistant District Attorney*, for appellee.